FILED
September 14, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002086974

WILLIAM S. BERNHEIM  SBN 56555
BERNHEIM, GUTIERREZ & McCREADY
255 North Lincoln Street
Dixon, CA 95620
Ph.: (707) 678-4447
Fax: (707) 678-0744
e-mail: law@bernheimlaw.net

Attorneys for Debtors
PAUL SANDNER MOLLER and
ROSA MARIA MOLLER

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re

PAUL SANDNER MOLLER

and ROSA MARIA MOLLER,

Debtors

Bankruptcy Case No.  2009-29936

Chapter 11

**MOLLER'S PLAN OF REORGANIZATION, DATED SEPTEMBER 14, 2009**

## PLAN OF REORGANIZATION, DATED SEPTEMBER 14, 2009

Paul Sandner Moller and Rosa Maria Moller ("Debtors"), the Debtor-in-Possession in the above-captioned bankruptcy case, submits to the Court and creditors of this bankruptcy estate the following Plan of Reorganization (the "Plan"), pursuant to § 1121(a) of the Bankruptcy Code.

## I.   INTRODUCTION

On or about May 18, 2009 Paul Sandner Moller and Rosa Maria Moller file their Voluntary Petition under Chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtors have the following assets: Significant shares of Freedom Motors, Inc. ("FM"), significant shares of Moller International, Inc. ("MI"), a Business Parcel including 35,000 ft² commercial building real property located at 1222 Research Park Dr, Davis CA 95618, a Residence Parcel, an Agricultural Parcel and a Chile Parcel.    FM

BERNHEIM
GUTIERREZ
&
McCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

and MI control and own the Rotapower® engine technology.  This Plan contemplates the licensing of the Rotapower® engine technology and alternatively the sale of the Business Parcel with the proceeds being used to make payment of 100% of all Allowed Claims as described in Section III below.

## II.  DEFINITIONS

For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in Article II of this Disclosure Statement. Any term used in this Disclosure Statement that is not defined herein, but is defined in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules. Whenever the context requires, such terms shall include the plural as well as the singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine.

**A.  Administrative Claim** means a Claim for payment of an administrative expense of a kind specified in 11 U.S.C. § § 503(b) or 1114(e)(2)[1] and entitled to priority pursuant to Bankruptcy Code § 507(a)(1), including, but not limited to , (a) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the bankruptcy estate and operating the Debtor's business, (b) all Allowed Claims of professionals appointed by the Bankruptcy Court, (c) all fees and charges assessed against the bankruptcy estate under 28 U.S.C. § 1930, and (d) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under Bankruptcy Code §546(c)(2)(A). Administrative Claims are classified by the Plan in Class 3.

**B.  Agricultural Parcel** means a 48 acre parcel of real property located at 9341 Currey Road, Dixon CA 95620 and adjacent to Debtors' Residence Parcel. The Agricultural Parcel is the subject of an adversary complaint in this Bankruptcy in which Edward and Dana Foss ("the Fosses") and Gregory A. and Jennifer House ("the Houses") are each contending they purchased such parcel for $1,250,000.00 from the Debtors.

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

---

[1] Unless otherwise noted all references to "Code § ___" shall refer to Title 11 of the United States Code, as amended.

**C.** **Agricultural 1st Note** or **WaMu Note** means the Promissory Note executed by and Washington Mutual ("WaMu") as creditor and the Debtors in the principle amount of $308,924.00 secured by a Deed of Trust in first position on the ranch property known as 9341 Currey Rd, Dixon CA 95620 and referred to in this Disclosure Statement as the ("Agricultural Parcel") .

**D.** **Agricultural 2nd Note** or **Foss 2nd Note** means the Promissory Note executed by and between Ed Foss and Dana Foss ("the Fosses") as creditors and the Debtors in the principle amount of $225,000.00 secured by a Deed of Trust in second position on the Agricultural Parcel.

**E.** **Agricultural 3rd Note** or **Note World** or **Foss 3rd Note** or **Capitol Region Equities Note** means the Promissory Note executed by and Capitol Regions Equities, LLC (Ed Foss and Dana Foss are the real parties in interest of this note) as creditor and the Debtors in the principle amount of $350,000.00 secured by a Deed of Trust in 3rd position on the Agricultural Parcel.

**F.** **Allowed Claims** means a Claim or any portion thereof (a) that has been allowed by a Final Order, or (b) as to which , on or by the Effective Date, *(i)* no proof of claim has been filed with the Bankruptcy Court and *(ii)* the liquidated and non-contingent amount of which is listed in the Schedules filed in the Bankruptcy Court, other than a Claim that is listed in the Schedules at zero, in an unknown amount, or as disputed, or (c) for which a proof of claim in liquidated amount has been timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, any Final Order of the Bankruptcy Court or other applicable bankruptcy law, and as to which either *(i)* no objection to its allowance has been filed within the periods of limitation fixed by the Plan, the Bankruptcy Code or by any order of the Bankruptcy Court or *(ii)* any objection to its allowance has been settled or withdrawn, or has been denied by a Final Order, or (d) that is expressly allowed in a liquidated amount in this Plan.

**G.** **Allowed Secured Claims** means an Allowed Claim that is at least partially secured by property owned by the Debtor.

**H.** **Ballots** mean each of the ballot forms distributed with the Disclosure Statement to holders of the Impaired Claims entitled to vote as specified in Section IV of the Plan, in connection with the solicitation of acceptances of the Plan.

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

I.    **Bankruptcy Code** means the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, as codified in Title 11 of the Untied States Code, 11 U.S.C. §§ 101-1532, as now in effect or hereafter amended.

J.    **Bankruptcy Court** means the United States Bankruptcy Court for the Eastern District of California, Sacramento Division, or such other court as may have jurisdiction over the above-captioned Chapter 11 case.

K.    **Bankruptcy Rule** means the Federal Rules of Bankruptcy Procedure as amended and the Local Rules of the Bankruptcy Court, as applicable to the Chapter 11 case or proceedings therein, as the case may be.

L.    **Bar Dates** means the date(s), if any, designated by the Bankruptcy Court as the last date for filing Proofs of Claim or Interest against the Debtors.

M.    **Business Parcel** means real property located at 1222 Research Park Dr., Davis CA 95618 which is the operating headquarters of Freedom Motors, Inc. and Moller International, Inc. and location of the tooling and parts associated with the technology that is being marketed.

N.    **Business 1$^{st}$Note** or **Exchange Bank Note** means the Promissory Note executed by and Exchange Bank as creditor and the Debtors in the principle amount of $3,300,000 secured by a Deed of Trust in first position on the Business Parcel.

O.    **Business  2nd Note** or **Sterling Note** means the Promissory Note executed by and between Sterling Pacific Financial ("Sterling Pacific") as  creditor and the Debtors in the principle amount of $700,000.00 secured by a Deed of Trust in 2nd position on the Business Parcel

P.    **Chapter 11** means Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101, et seq.

Q.    **Chile Parcel** means a residence in Chile which is the home of Mrs. Moller's aunt, Lucia Napoli Cosmeli, who in exchange for being supported for the rest of her life including payment of a mortgage on the home leaves the residence to Mrs. Moller upon her death. The property is located at 172 Avenue Sporting, Vina Del Mar, Chile, South America 2560989.

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

**R.** **Chile 1st Note** or **Cosmeli Note** means the Promissory note executed by and between Lucia Napoli Cosmeli ("Cosmeli") and the Debtors, the claim amount being $16,458.00 and secured by Deed of Trust in 1st position on the Chile Parcel.

**S.** **Claim** means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, which right arose or accrued prior to the date of confirmation, or; (b) a right to an equitable remedy for breach of performance, if such breach gives rise to a right of payment whether or not such right to an equitable remedy is reduced to a judgment, fixed, contingent matured, unmatured, disputed, undisputed, where such right arose or accrued prior to confirmation, or (c) a claim arising under 11 U.S.C. § 502(g).

**T.** **Class** means a category of holders of Claims or Interests, as described in Section III of the Plan.

**U.** **Confirmation** means entry by the Bankruptcy Court of the Confirmation Order on the Bankruptcy Court's docket.

**V.** **Confirmation Date** means the date of entry of the Confirmation Order on the Bankruptcy Court's Docket.

**W.** **Confirmation Hearing** means the hearing to consider confirmation of the Plan under Code § 1128.

**X.** **Confirmation Order** means the order entered by the Bankruptcy Court confirming the Plan.

**Y.** **Court** means The Untied States Bankruptcy Court for the Eastern District of California, Sacramento Division, which has jurisdiction in this case.

**Z.** **Disclosure Statement** means the written Disclosure Statement that relates to the Plan, as amended, supplemented, or modified from time to time, and that is prepared and distributed in accordance with Bankruptcy Code § 1125 and Bankruptcy Rule 3018.

**AA.** **Effective Date** means the date on which the order confirming the Plan becomes a Final Order.

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

**BB.** **Final Order** means eleven (11) days after an order is entered on the Bankruptcy Court's docket, but if that day falls on a weekend or legal holiday then the following judicial date, with no appeal having been filed in relation to such order, and such order has not been stayed.

**CC.** **General Priority Claim** means a claim entitled to priority treatment pursuant to Section 507(a) of the Bankruptcy Code other than (i) a Tax Claim entitled to priority pursuant Section 507(a)(8) of the Bankruptcy Code, and (ii) an Administrative Claim entitled to priority pursuant Section 507(a)(2) of the Bankruptcy Code. General Priority Claims are classified under the Plan as Class 4.

**DD.** **General Unsecured Claim** means a Claim that is not a Tax Claim, an Administrative Claim, a General Priority Claim, a Secured Claim, a claim of an insider, or equity holders. General Unsecured Claims are classified by the Plan in Class 5.

**EE.** **Impaired** means, when used with reference to a Claim or interest, a Claim or interest that is impaired within the meaning of Bankruptcy Code § 1124.

**FF.** **Petition Date** means May 18, 2009, the date that Paul Sandner Moller and Rosa Maria Moller filed their Voluntary Petition for relief commencing the above-captioned bankruptcy case.

**GG.** **Plan** means this Plan of Reorganization and any amendments thereto.

**HH.** **Prime Rate** means the prime rate published in the Wall Street Journal on June 1st of each year.

**II.** **Proof of Claim** means the proof of claim that must be filed by a holder of an Impaired Claim by the Bar Date.

**JJ.** **Reorganization** means the case for reorganization of Paul Sandner Moller and Rosa Maria Moller commenced by the Voluntary Petition on or about May 18, 2009 now pending in the Bankruptcy Court entitled, In re Paul Sandner Moller and Rosa Maria Moller, Case No. 09-29936

**KK.** **Reorganized Debtors** mean Paul Sandner Moller and Rosa Maria Moller after the Effective Date.

**LL.** **Residence Parcel** means a  multi-acre parcel of real property located at 9350 Currey Road, Dixon CA 95620, which is the debtors' home and includes an orchard of almond trees from which nuts are used to make almond butter which is sold by the debtors.

BERNHEIM
GUTIERREZ
&
McCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

**MM.** **Residence 1ˢᵗNote** or **Morgan Stanley Note** means the Promissory Note executed by and between Morgan Stanley ("Bank1") as creditor and the Debtors in the principle amount of $390,208.00 secured by a Deed of Trust in 1ˢᵗ position on the Residence Parcel.

**NN.** **Residence 2ⁿᵈ Note** or **US Bank Note** means the Promissory Note executed by and between U.S. Bank ("Bank2") as creditor and the Debtors in the principle amount of $166,323.00 secured by a Deed of Trust in 2nd position on the Residence Parcel.

**OO.** **Residence 3rd Note** or **Bay Area Financial Note** means the Promissory Note executed by and between Bay Area Financial ("Bay Area") as creditor and the Debtors in the principle amount of $312,218.00 secured by a 1ˢᵗ on their home.

**PP.** **Residence 4ᵗʰ Note** or **Schlechter Note** means the Promissory Note executed by and between Victoria Schlechter as creditor and the Debtors in the principle amount of $109,000.00 secured by a Deed of Trust in 4th position on the Residence Parcel.

**QQ.** **Schedules** mean the Schedules filed by the Debtors in the above-captioned case.

**RR.** **Secured Claim** means a Claim defined as a secured claim under Section 506(a) of the Bankruptcy Code. Secured Claims are classified by the Plan in Class 1.

**SS.** **Tax Claim** means a claim entitled to priority pursuant to Section 507(a)(8) of Bankruptcy Code. Tax Claims are classified by the Plan in Class 2.

**TT.** **Tax Claim Rate** means the rate of interest, to be determined by the bankruptcy Court at the Confirmation Hearing, that, when applied to the amount of a Tax Claim paid in installments as provided herein, will result in such installments being of an aggregate value, as of the Effective Date, Equal to the Allowed Tax Claim, consistent with the requirements of Section 1129(a)(9)(C). The Tax Claim Rate shall be determined in accordance with the provisions of Section III(B)(3) below.

**UU.** **Vehicle Note** means the Promissory Note executed by and between BMW Bank of North America ("BMW") as creditor and the Debtors in the claim amount of $5,013.73 and secured by the 2002 BMW vehicle.

**VV.** **Voting Deadline** means the voting deadline for voting to accept or reject the Plan, as determined by the Bankruptcy Court

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

MOLLER PLAN OF REORGANIZATION, DATED 9/14/09

**III.**     **CLASSIFICATION AND TREATMENT OF CLAIMS**

For purposes of the Plan, Claims against, and interests in, the Debtor, of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, direct or indirect, including all Claims arising from the rejection of executory contracts, and all Claims or interests arising from the ownership of equity securities of Debtor, shall be bound by the provisions of this Plan and are classified as follows:

**A. Class 1- Secured Claims**

1.     <u>Classification:</u> Class 1 consists of the Allowed Secured Claims of the following creditors:

    I.     Bay Area Financial in relation to the Residence 3rd Note secured by a deed of trust against the Residence Parcel.

    II.     BMW Bank of North America in relation to the Vehicle Note secured by the 2002 BMW vehicle.

    III.     Capital Region Equities, LLC (Ed or Dana Foss) in relation to the Agricultural 3rd Note secured by a 3rd deed of trust against the Agricultural Parcel.

    IV.     Dana and Edward Foss in relation to Agricultural 2nd Note secured by a 2nd deed of trust against the Agricultural Parcel.

    V.     Exchange Bank in relation to the Business 1st Note secured by a 1st deed of trust against the Business Parcel.

    VI.     Lucia Napoli Cosmeli in relation to the Cosmeli Note which is secured by the Chile Parcel.

    VII.     Morgan Stanley in relation to the Residence 1st Note secured by a 1st deed of trust against the Residence Parcel.

    VIII.     Sterling Pacific in relation to the Business 2nd Note secured by a 2nd deed of trust against the Business Parcel.

    IX.     U.S. Bank in relation to Residence 2nd Note secured by a 2nd deed of trust against the Residence Parcel.

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

X. Victoria Schlechter in relation to Residence 4th Note secured by a 4th deed of trust against the Residence Parcel.

XI. Washington Mutual in relation to Agricultural 1st Note secured by a 1st deed of trust against the Agricultural Parcel.

2. <u>Impairment</u>: Class 1 is impaired, as that term is defined in 11 U.S.C. § 1124, as the result of this Plan

3. <u>Treatment</u>: All the Allowed Secured Claims in this Class shall be paid the full amount of its Allowed Secured Claim. Payment shall be made under one of the following alternatives: Dana and Edward Foss, Exchange Bank, Lucia Napoli Cosmeli, Morgan Stanley, Sterling Pacific, U.S. Bank, Victoria Schlechter and Washington Mutual all hold Secured Claims.

Payments shall be made under one of the following three alternatives:

Under the alternatives, the Residence Parcel, the Chile Parcel and the Agricultural Parcel are dealt with in the same matter. The Residence Parcel and Chile Parcel will be retained. Chile Parcel is subject to a life estate of uncertain length and thus making uncertain the value if any of disposing of this asset.

The Agricultural Parcel will be confirmed as sold to either the Houses or Fosses as determined pursuant to the pending Adversary Complaint when resolved which should determine the terms of sale and timing of sale. The Houses contend the Houses had a lease in good standing containing a right of first refusal as to any sale by the Debtors. The Debtors contend the lease was not in good standing and even if Houses had a right of first refusal, the Houses did not exercise and perform in a reasonable manner to perfect a purchase. The Fosses contend that the Fosses have an enforceable contract to purchase the Agricultural Parcel.

The resolution of the issues surrounding the Agricultural Parcel will not significantly impact the overall success or failure of the Plan.

Retention of the Residence Parcel and Chile Parcel will not significantly impact the overall success or failure of the Plan.

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

## Alternative One- Licensing of Technology by Freedom Motors, Inc. and Moller International, Inc.

Debtor is the controlling shareholder and executive officer of Freedom Motors and of Moller International. Over the last 30 years these entities have spent millions of dollars developing technologies of increasing value as the planet's dependency on the reciprocating engine must be reduced by increasing efficiencies and use of new engines. As described in section III herein, FM and MI are on the verge of participating in a major way in the propulsion revolution. Any meaningful participation, will result in funds flowing through to the Debtors by lease of the Business Parcel, employee compensation and dividends to bring all secured creditors current and pay the other creditors in full. The largest Creditors of FM and of MI are the Debtors. There is no conflict of interest between FM, MI and Debtors with regard to maximizing the revenue to be generated by licensing the technology. The Plan will give the Debtors and in turn FM and MI the breathing space needed to prevent the licensees from taking advantage of the financial pressure on the Debtors.

## Alternative Two - Sale With Lease Back of Business Parcel

Debtors shall sell the Business Parcel, preferably with a lease-back keeping the property and its unique attributes available to FM and MI for a reasonable period of time, in its entirety, with the creditors holding Secured Claims liens' attached to the proceeds of such sale. Unless the creditors holding Secured Claims in this parcel consent to such sale, the net proceeds of such sale must be in excess of the creditors Allowed Secured Claims in the parcel. If there is any concern that the net proceeds of such sale are greater than the creditors Allowed Secured Claims in the parcel, the Debtors will seek an order from the Bankruptcy Court approving such sale.

The Debtor will again enter into a Listing Contract on January 4, 2010 with Jim Gray and will seek a Bankruptcy Court order allowing the employment of Jim Gray for the purposes of marketing, listing, and otherwise brokering the sale of the Subject Property. The initial list price for the Subject Property will be at least $5,000,000.00. The Debtors marketed the property prior to the bankruptcy filing using Jim Gray. The efforts were not successful. The market for selling the property to the University of California or otherwise is believed to be improving. The delay in marketing until the first of year is

BERNHEIM
GUTIERREZ
&
McCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

believed appropriate as improvements in the market are expected and additionally, this is not a preferred alternative.

<u>Alternative Three- Sell of Shares in FM and MI</u>

Simultaneously with the Debtors efforts to sell the Business Property, the Debtors will actively pursuing after January 4, 2010 selling significant shares owned by the Debtors in Freedom Motors, Inc. and Moller International, Inc. if a reasonable valuation for the shares can be obtained.

<u>Commencement of Monthly Payment Amounts</u>

As part of any of the above alternatives, Debtor will commence monthly payments beginning on September 1, 2010. The monthly payments to all creditors holding Allowed Secured Claims shall be calculated as follows.

First, beginning on the Petition Date and ending on September 1, 2010, the Allowed Secured Claims will accrue interest at the Prime Rate plus 1% ("Floating Rate"). Similarly, on each June 1st anniversary thereafter, the Floating Rate will be adjusted to the Prime Rate plus 1%.

Second, the Bank Calculation Claim shall be equal to the amount owed under all the secured claims excluding any (i) accrued and unpaid interest due to a default rate of interest since the inception of the loan and (ii) default fees since the inception of the loan.

Third, the dollar amount of the monthly payments to begin on September 1, 2010, and to be continued on the first day of each subsequent month thereafter, shall be calculated as follows:

<u>(Bank Calculation Claim) x (Floating Rate)</u> = Monthly Payment Amount
12

**B. Class 2- Tax Claims**

1.    <u>Classification:</u> Class 2 consists of all Allowed Tax Claims entitled to priority pursuant to Bankruptcy Code § 507(a)(8). The Debtors believe that the only Claims are those of the following agencies: Internal Revenue Service and State of California EDD.  The Debtors note that that the State of California EDD seeks payment as a secured creditor by virtue of a lien for taxes pursuant to 11 U.S.C. § 507(a)(4).

2.    <u>Impairment:</u> Class 2 claims are treated in accordance with Section 1129(a)(9)(C) of the Bankruptcy Code and are, accordingly, not impaired for purposes of determining voting rights.

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

3.    <u>Treatment:</u>  The Debtors believe that there are two (2) Tax Claims and they are from the following agencies:  Department of the Treasury, Internal Revenue Service (Ogden UT) whose claim is in the amount of $372,173.00 and State of CA- EDD whose claim is in the amount of $11,789.00; both related to payroll taxes owed by Moller International, one of the Debtor's companies.  Taxing authorities holding a Tax Claim, to the extent such Claim is an Allowed Claim, shall receive, on account of such Claim, a lump sum payment in full of its Allowed Tax Claim when the sale of the Business Parcel closes.

In the event that the Business Parcel does not sell, each holder of a Tax Claim shall receive deferred cash payments on account of such Claim over a period of years, of an aggregate value, as of the Effective Date, equal to the Allowed Amount of such Claim. The period of payment shall commence one year after the Effective Date and continue until a date that is the earlier of (i) the fifth (5th) anniversary of the Effective Date, or (ii) the fifth anniversary of the assessment of the Claim. The deferred cash payments shall be equal to quarterly installments of principal and interest at the Tax Claim Rate, with the first such payment being payable within one year of the Effective Date. Interest on the tax claims will be paid at the rate being paid on 5-year treasury bills at the date of confirmation, plus 2%.

**C.  <u>Class 3- Administrative Claims</u>**

1.    <u>Classification:</u> Class 3 consists of all claims for the cost of administration of the Debtors' bankruptcy Estate. Included in this class are all claims for administrative expenses entitled to priority under Bankruptcy Code § 507(a)(2) for the attorneys and other professional persons employed by the Debtors, and all actual and necessary expenses of operating the Debtors business pursuant to Bankruptcy Code § 503(b).

2.    <u>Impairment:</u> Class 3 is not impaired, as that term is defined in 11 U.S.C. § 1124, as a result of this Plan.

3.    <u>Treatment:</u>  Pursuant to Section 1129(a)(9)(A) Class 3 Allowed Claims will be paid in cash, in full on the later of the Effective Date or the date upon which such claims become Allowed Claims, or as otherwise ordered by the Bankruptcy Court, unless a different treatment is agreed to with the claim holder. Allowed Administrative Claims will be paid from assets of the Estate or the proceeds therefrom. Professionals and entities who may be entitled to allowance of fees and expenses from the

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

Estate pursuant to Section 503(b)(2) through (6) of the Bankruptcy Code will receive cash in the amount awarded to such professionals or entities in accordance with, and at such times as may be provided in, Final Orders entered pursuant to Sections 330 or 503(b)(2) through (6) of the Bankruptcy Code.

**D. Class 4- General Priority Claims**

1.  Classification: Class 4 consists of the holders of Allowed Claims entitled to priority pursuant to Section 507(a) of the Bankruptcy Code other than (i) a Tax Claim entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code which is treated in Class 2, and (ii) am Administrative Claim entitled to priority pursuant Section 507(a)(2) of the Bankruptcy Code which is treated in Class 3. The Debtors do not believe there are any General Priority Claims.

2.  Impairment: Class 4 is not impaired, as that term is defined in 11 U.S.C. § 1124, as the result of this Plan.

3.  Treatment: The Debtors do not believe there are any General Priority Claims. Pursuant to Section 1129(a)(9)(A) Class 4 Allowed Claims will be paid in cash, in full on the later of the Effective Date or the date upon which such claims become Allowed Claims, or as otherwise ordered by the Bankruptcy Court, unless a different treatment is agreed to with the claim holder. Allowed Administrative Claims will be paid from assets of the Estate or the proceeds there from.

**E. Class 5- General Unsecured, Non-Priority Claims**

1.  Classification: Class 5 consists of the Allowed Claims of creditors whose claims are not secured by property owned by the Debtors and are not entitled to priority pursuant to Bankruptcy Code § 507. The claims that make up Class 5 total approximately $1,044,978.00.

2.  Impairment: Class 5 is impaired, as that term is defined in 11 U.S.C. § 1124, as the result of this Plan.

3.  Treatment: The holders of Allowed Claims in Class 5 shall receive a pro rata payment of monies, up to payment of 100% of their Allowed Claims, that the Debtors have after the sale of the Commercial Building has closed and creditors with Allowed Secured Claims in Class 1, creditors with Allowed Secured Claims in Class 2, creditors with Allowed Secured Claims in 3, and creditors with Allowed Secured Claims in Class 4 have been paid in full.

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

**F. Class 6-Equity Interest Holders**

    1.    Classification: Class 6 consists of the Debtors themselves.

    2.    Impairment: Class 6 is impaired, as that term is defined in 11 U.S.C. § 1124, as the result of this Plan.

    Treatment:  The Debtors shall continue to possess all of the rights normal to them, free of any claims that may have existed prior to confirmation of the Plan, except those rights that are determined or are otherwise restricted by this Plan. The Debtors shall continue to be Debtors in possession unless and until such arrangement is altered or amended pursuant to an order of the Bankruptcy Court. To the extent that there exists any monies possessed by Debtors after the sale of Business Parcel has closed and creditors with Allowed Claims in Classes 1 through 5 have been paid in full, the Debtors in Class 6 shall receive said monies to use in any lawful manner.

## IV.    ACCEPTANCE OR REJECTION OF THE PLAN

    Impaired Claims Entitled to Vote. Each Impaired Claim is entitled to vote to accept or reject the Plan.

    Acceptance by an Impaired Class. In accordance with Bankruptcy Code § 1126(c) and except as provided in Bankruptcy Code § 1126(e), an Impaired Class of Claims shall have accepted the Plan if the Plan is accepted by the holders of at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims of such Class that have timely and properly voted to accept or reject the Plan.

    Summary of Classes Voting on the Plan. As a result of the provisions of Section III of this Plan, the votes or holders of Claims in all Classes will be solicited with respect to this Plan.

    Confirmation Pursuant to Code § 1129(b). To the extent that any Impaired Class rejects the Plan or is deemed to have rejected the Plan, the Debtors will request confirmation of the Plan, as it may be modified from time to time, under Bankruptcy Code § 1129(b). The Debtors reserve the right to alter, amend, modify, revoke or withdraw the Plan or any Plan Exhibit or Schedule, including to amend or modify it in accordance with Section XI hereof to satisfy the requirements of Bankruptcy Code § 1129(b), if necessary.

BERNHEIM
GUTIERREZ
&
McCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

## V.     MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtors are actively involved in the marketing by Freedom Motors, Inc. and Moller International, Inc. to license their technology. Paul Moller has been in research and development relating to piloted road able, air craft and low emission, fuel efficient engines for many years. As with space travel, much new technology has been discovered by Mr. Moller's efforts and the technology has utility in a number of related fields. To finance this technology development, Paul has gone deeply in debt but is on the verge of entering agreements that should solve all the financial issues for years to come. The technology is owned by two corporations in which Paul Moller is the principal shareholders and chief operating officer. These corporations are Freedom Motors, Inc. ("FM") and Moller International, Inc. ("MI"). There are presently a number of bidders for parts of the technology. What is needed is a bit more time for the economy to stabilize and for the bidders to recognize there is a limit to the pressure on Paul.

Information about the bidders includes (1) Rotary Echoes, LLC ("RE") Meridian, ID, Al King, Chairman. RE is interested in producing and distributing our Rotapower engine. RE claims to have the funding in place to acquire the rotary engine assets of Freedom Motors. At this time we are putting together a final agreement and seem to have resolved most issues. With a final binding MOU, RE is required to make an advance payment of $2.5 million. FM expects to determine within the next 30 days whether RE can perform under the emerging MOU.

(2) Future Engine Systems ("FES"), Sebring, FL, Dr. Shawn Okun, President. FES is interested in producing and distributing our Rotapower engine. FES has advanced $475,000 (unsecured) as a measure of their interest. Once they have production funding secured ($30 million) they will provide a $2.5 million initial payment on a $7.5 million license fee. Freedom Motors is working with Heritage Corporate Services, Inc (our investor relations firm) to secure the funding FES needs. Both FES and Heritage are optimistic that funding will occur shortly. Heritage only recently joined the on-going fund raising effort by FES. FES has raised part of the total funding required, but must have the full amount committed before they can release additional funds to Freedom Motors.

**BERNHEIM
GUTIERREZ
&
MCCREADY**

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

(3)  Defense Advanced Research Projects Agency (DARPA), Washington, D.C., Dr. Stephen Waller, Program Manager.  Dr. Waller is championing a program within DARPA that would provide sufficient funds to Moller International to prepare for and deliver a demonstration of its Skycar volantor in operation.  The gated $5 million program has earmarked $2.5 million for the initial military demonstration with an additional $2.5 million available for follow-up engineering the required effort to accomplish a successful tether-free flight. To help in his lobbying efforts, Dr. Waller requested testimonials on the need for the Skycar volantor in current and anticipated military operations.  The outpouring of support has been remarkable.

Alternatively, in January of 2010, the Business Parcel will again be marketed.  The Business Parcel was recently on the market and priced at $5,000,000.00.  The value was arrived at in consultation with a Commercial Realtor Jim Gray who has worked in the Davis Commercial Realty for over 25 years. The Business Parcel is encumbered by Business 1st Note held by Exchange Bank and by Business 2nd Note held by Sterling Pacific

The Bankruptcy Tax Act generally provides that the Debtors do not have to recognize income from the discharge of indebtedness. The Debtors do not believe the Plan will cause any adverse tax consequences.

The Debtors will in January of 2010 enter into a Listing contract with Jim Gray and will seek a Bankruptcy Court Order allowing the employment of Jim Gray for the purposes of marketing, listing, and otherwise brokering the sale of the Business Parcel.  The initial listing price is uncertain but will likely be in the range of $5 million to $6 million.

## VI.     EFFECT OF CONFIRMATION

### A.     Discharge of Claims

Except as otherwise provided in this Plan or the Court's order confirming the Plan, the Confirmation Order acts as a discharge, effective as of the Effective Date, of any and all debts, obligations, liabilities and claims, whether contingent or otherwise, of the Debtors that arose at any time before the Effective Date, including, but not limited to, all interests in the Debtors, and all principal and any and all interest accrued thereon, pursuant to Bankruptcy Code § 1141(d)(1). The discharge of the

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

Debtors shall be effective as to each Claim, regardless of whether a proof of claim thereof was filed, whether or not the Claim is an Allowed Claim, or whether the holder thereof votes to accept the Plan.

**B.**     <u>Vesting of Assets</u>

Except as otherwise provided in this Plan or the Confirmation Order, entry of the Confirmation Order shall vest in the Reorganized Debtors, as of the Effective Date, all assets of the estate and as acquired pursuant to this Plan, free and clear of all liens, claims and encumbrances.

**VII.**     **RETENTION AND ENFORCEMENT OF CLAIMS**

Pursuant to Bankruptcy Code § 1123(b)(3), Debtors shall retain and may enforce any and all claims of the Debtors except claims waived, relinquished or released in accordance with the Plan.

**VIII.**     **NON-ALLOWANCE OF PENALTIES AND FINES**

**A.**     <u>Categorization of Claims</u>

A Claim shall be an Allowed Claim, an Estimated Claim, or a Disallowed Claim, based on the following provisions.

    **1.**     **Allowed Claims**

A Claim shall be an Allowed Claim only if, and to the extent, the Claim has been Timely Submitted, Allowable, and Determined, in accordance with the following:

    (a)     <u>Timely submission</u>.     A Claim shall be considered Timely Submitted if at least one of the following applies to such Claim:

    (i)     *Listed.*     The Claim is listed on the Schedules, and is not listed as contingent, unliquidated, or disputed, and is not included within a Proof of Claim;

    (ii)     *Proof of Claim.*     The Claim is reflected in a Proof of Claim filed by the Bar Date applicable to such Claim;

    (iii)     *Otherwise Timely Submitted.*     The Claim has been determined, by Final Order of the Bankruptcy Court, to be timely filed.

    (iv)     *Informal Proof of Claim.*     The Claim has been determined, by Final Order of the Bankruptcy Court, to be the subject of a timely informal Proof of Claim; or

BERNHEIM
GUTIERREZ
&
McCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

(v) *No Proof of Claim Required.* The Claim has been determined, by Final Order of the Bankruptcy Court, to be deemed timely submitted, without a Proof of Claim.

(b) <u>Allowable.</u> A Claim shall be considered Allowable if at least one of the following applies to such Claim:

(i) *No Objection.* The Claim is Timely Submitted and is not the subject of a Timely Objection; or

(ii) *Sustained Claim.* The Claim has been allowed, after consideration of all Timely Objections, by Final Order of the bankruptcy Court.

(c) <u>Determined.</u> A Claim shall be considered Determined if at least one of the following applies to such Claim:

(i) *No Objection.* The Claim is Timely Submitted and Allowable, and the amount thereof is not subject to a Timely Objection; or

(ii) *Sustained Amount.* The amount of the Claim has been determined, after consideration of all Timely Objections, by Final Order of the Bankruptcy Court.

**2. Estimated Claims**

A Claim shall be an Estimated Claim if the Claim is not an Allowed Claim, and the Bankruptcy Court has entered a Final Order estimating the Claim <u>for distribution purposes.</u>

**3. Disallowed Claims**

A Claim shall be a Disallowed Claim if the Claim was not Timely Submitted, or has been disallowed by Final Order of the Bankruptcy Court.

**B. <u>Objections And Bar Dates For Filing Objections</u>**

Except as provided above, an objection to a Claim shall be a Timely Objection if filed with the Bankruptcy Court and served upon the holder of such Claim pursuant to the Bankruptcy Code and Bankruptcy Rules, no later than ninety (90) days after the Effective Date. The primary responsibility for objection to claims shall be with the Reorganized Debtors.

**C. <u>Settlement of Claims</u>**

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

Settlement of any objection to a Claim not exceeding $5,000.00 shall be permitted on the eleventh (11ᵗʰ) day after notice of the settlement has been provided to the Reorganized Debtors, the settling party, and other persons specifically requesting such notice, and if on such date there is no written objection filed, such settlement shall be deemed approved. In the event of a written objection to the settlement, the settlement must be approved by the Bankruptcy Court on notice to the objecting party.

**D.**     **Distributions on Account of Disputed Claims**

No distributions shall be made on account of a Disallowed Claim or Estimated Claim.

**E.**     **Effect of Disallowed Claims on Distributions**

The Reorganized Debtors shall retain funds pro rated on account of Estimated Claims until such claim becomes Allowed or Disallowed. Any funds held by the Reorganized Debtors in accordance with this section shall be disbursed by the Reorganized Debtors upon entry of a Final Order resolving such Claim, and, if the particular Claim is Disallowed or Allowed in an amount less than the amount Claimed, the Reorganized Debtors shall recalculate the amount distributable to the holders of Allowed Claims.

**F.**     **Penalties and Fines**

Except as specifically provided by Final Order of the Bankruptcy Court, no distribution shall be made on account of, any fine, penalty, exemplary or punitive damages, late charges or other monetary charge relating to or arising from any default or breach by Debtors, and any claim on account thereof shall be treated hereunder as such and disallowed to the extent of such fine, penalty, exemplary or punitive damages, late charges or other default-related charge, whether or not an objection is filed to it.

**IX.**     **MANAGEMENT OF THE REORGANIZED DEBTORS**

The Members of the Debtors shall continue to possess all of the rights conferred upon members of a limited liability company, free of any claims that may have existed prior to confirmation of the Plan, except those rights that are determined or are otherwise restricted by this Plan. The Debtors shall continue to be a member managed unless and until such arrangement is altered or amended pursuant to applicable non-bankruptcy law.

**X.**     **OWNERSHIP OF ESTATE CLAIMS**

BERNHEIM
GUTIERREZ
&
McCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

MOLLER PLAN OF REORGANIZATION, DATED 9/14/09

On the Effective Date, the Reorganized Debtors shall succeed to all claims and causes of action of the Debtors, and the Debtors Estate, including, without limitation, any claims arising under section 544 *et seq.* of the Bankruptcy Code. The Members shall have the authority to direct the pursuit or settlement of any such claims.

## XI.   CERTAIN DETERMINATIONS AT CONFIRMATION

At the Confirmation Hearing, Debtor will request the Court to make the findings necessary to confirm the Plan and shall also request the Court to determine other matters provided for herein, including such other matters as may be necessary or desirable in connection with the proceedings.

## XII.   NOTICES

All notices requested or demands for payment provided for in the Plan shall be in writing and shall be deemed to have been given when personally delivered by hand or deposited in any general or branch Post Office of the United States Postal Service or received by telecopy. Notices requested and demands for payment shall be addressed and sent postage pre-paid or delivered to:

William S. Bernheim, Esq.
Bernheim, Gutierrez & McCready
255 North Lincoln Street
Dixon, CA 95620
Fax: (707) 678-0744

## XIII.   MODIFICATION OF THE PLAN

In addition to the modification rights under section 1127 of the Bankruptcy Code, Debtors may propose amendments to, or modifications of, this Plan at any time prior to entry of the Confirmation Order, with leave of the Bankruptcy Court, upon such notice as may be prescribed by the Court. After entry of the Confirmation Order, Debtors may, with the approval of the Court, and so long as it does not materially or adversely affect the interest of creditors, cure any omission, correct any defect, or reconcile any inconsistencies in the Plan, the Confirmation Order, or any and all documents executed or to be executed in accordance therewith, in such manner as may be necessary to carry out the purposes and intent of this Plan.

## XIV.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES

BERNHEIM
GUTIERREZ
&
McCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

All leases and other executory contracts not assumed on or prior to the Effective Date shall be rejected as of the Effective Date, unless specific written notice of intent to assume is mailed or delivered to the lessor or other contracting party before the Effective Date. In the event of assumption, all pre-petition defaults will be cured by adding the arrearages to the end of the lease and extending the term of the lease by the number of months of arrearages on each lease.

## XV.  REVESTING

Except as provided for in this Plan or in the Confirmation Order on the Effective Date, the Reorganized Debtors shall be vested with all the property of its estate free and clear of all claims, liens, charges, and other interests of creditors, arising prior to the Effective Date.

## XVI.  RETENTION OF JURISDICTION

Notwithstanding confirmation of the Plan, the Bankruptcy Court shall retain jurisdiction to insure that the purposes and intent of the Plan are carried out. Without limiting the generality of the foregoing, the Bankruptcy Court shall retain jurisdiction until the Plan is fully consummated for the following purposes:

**Claims Determination.** The classification, allowance, subordination and liquidation of the Claim of any creditor (including Administrative Claims) and the reexamination of Allowed Claimsfor purposes of determining acceptances at the time of Confirmation, and the determination of such objections as may be filed. The failure by the Reorganized Debtors to object to or to examine any Claim for the purpose of determining Plan acceptance shall not be deemed to be a waiver of any right to object to or reexamine any Claim in whole or in part.

**Estate Assets.** The determination of all questions and disputes regarding title to the assets of the Estate, and determination of all causes of action, controversies, disputes, or conflicts, known or unknown, whether or not subject to action pending as of the Confirmation Date, between a Debtor and any other party, including but not limited to, such Debtor's right to recover assets, avoid transfers, recover fraudulent transfers, offset claims, recover money or property from any party or return assets which were or are the property of the Estate pursuant to the provisions of the Bankruptcy Code.

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

MOLLER PLAN OF REORGANIZATION, DATED 9/14/09

**Executory Contracts.** The determination of all matters relating to the assumption, assignment, or rejection of executory contracts and unexpired leases, including claims for damages from the rejection of any executory contract or unexpired lease within such time as the Bankruptcy Court may direct.

**Unliquidated Claims.** The liquidation or estimation of damages or the determination of the manner and time for such liquidation or estimation in connection with any contingent, disputed, or unliquidated Claims.

**Plan Corrections.** The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Plan, the Confirmation Order, or any and all documents executed or to be executed in connection therewith, as may be necessary to carry out the purposes and the intent of the Plan, on such notice as the Bankruptcy Court shall determine to be appropriate.

**Plan Modifications.** The modification of the Plan after Confirmation pursuant to the Bankruptcy Rules and the Bankruptcy Code.

**Adversary Proceedings.** The adjudication of all claims, controversies, contested matters or adversary proceedings arising out of any purchases, sales, agreements or obligations made or undertaken by and between a debtor and any third party during the pendency of the Reorganization Cases.

**Plan Interpretation.** The enforcement and interpretation of the terms and the conditions of the Plan and determination of all controversies and disputes that may arise in connection with the enforcement, interpretation or consummation of the Plan.

**Deadlines.** The shortening or extending, for cause, of the time fixed for doing any act or thing under the Plan, on such notice as the Bankruptcy Court shall determine to be appropriate.

**Discharge Injunctions.** The entry of any order, including injunctions, necessary to enforce the title, rights, and powers of the Reorganized Debtors, and to impose such limitations, restrictions, terms and conditions on such title, rights, and powers as the Bankruptcy Court may deem appropriate.

**Case Closing.** The entry of an order concluding and terminating this Reorganization Case.

**Additional Matters.** The determination of such other matters as may be provided in the Confirmation Order or as may be authorized under Bankruptcy Code or Bankruptcy Rules.

## XVII.   NON-ALLOWANCE OF PENALTIES AND FINES

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

No distribution shall be made under the Plan on account of, and no Allowed Claim, whether secured, unsecured, priority, or administrative shall include any fine, penalty, exemplary, or punitive damages, late charges or other monetary charge relating to or arising from any default or breach by Paul Sandner Moller and Rosa Maria Moller and any claim on account thereof shall be deemed disallowed whether or not an objection is filed to it.

## XVIII.  HEADINGS.

The headings used in this Plan and the Disclosure Statement are inserted for convenience only and shall not affect the interpretation of the Plan.

## XIX.  CONFIRMATION WITHOUT ACCEPTANCE OF ALL CLASSES.

Debtors will request the Bankruptcy Court to confirm this Plan notwithstanding the rejection of the Plan by an impaired Class, pursuant to provisions of section 1129(b) of the Bankruptcy Code.

## XX.  DISCLAIMER.

Court approval of this Plan of Reorganization and the accompanying Disclosure Statement, including exhibits, is not a certification of the accuracy of the contents thereof. Furthermore, Court approval of these documents does not constitute the Court's opinion as to whether the Plan should be approved or disapproved.

RESPECTFULLY SUBMITTED this 14th day of September, 2009.


By:  /s/ Paul Sandner Moller
     Paul Sandner Moller, Debtor


By:   /s/ Rosa Maria Moller
     Rosa Maria Moller, Joint Debtor


By:   /s/ William S. Bernheim
     William S. Bernheim, Attorney for Debtors

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA
95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

William S. Bernheim, SBN 56555
RE: Paul Sandner Moller and Rosa Maria Moller, Debtors
U.S. Bankruptcy Court, Eastern District of California, Case # 09-29936-C-11

**CERTIFICATE OF MAILING**

I declare that I am employed in the County of Solano, State of California. I am over the age of eighteen years and not a party to this action. My business address is Bernheim, Gutierrez, & McCready, 255 North Lincoln Street, Dixon, California 95620.

I HEREBY CERTIFY that on the date below I served a copy of the above and foregoing **MOLLER'S PLAN OF REORGANIZATION, DATED SEPTEMBER 14, 2009** in the above captioned matter by e-file transmission. The foregoing was filed electronically with the United States Bankruptcy Court via the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. I also served a courtesy copy of the foregoing via U.S. Mail to the following:

| | |
|---|---|
| Office of the United States Trustee | Ronald H. Sargis, Esq. |
| 501 I Street, Suite 7-500 | Hefner, Stark & Marois, LLP |
| Sacramento, CA 95814 | 2150 River Plaza Dr. Ste. 450 |
| | Sacramento, CA 95833 |
| | |
| Walter R. Dahl, Esq. | Don J. Pool, Esq. |
| Dahl & Dahl, Attorneys at Law | The Law Firm of Powell & Pool |
| 2304 "N" Street | 7522 N. Colonial Ave. Ste. 100 |
| Sacramento CA 95816-5716 | Fresno CA 93711 |
| | |
| GE Money Bank | Scott C. Clarkson, Esq. |
| c/o Recovery Management Systems Corp. | Clarkson, Gore & Marsella |
| Attn: Ramesh Singh | 3424 Carson Street, Suite 350 |
| 25 SE 2nd Avenue, Suite 1120 | Torrance CA 90503 |
| Miami FL 33131-1605 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Dixon, California on September 14, 2009.

*/s/ Araceli L. Lemus* _____
Araceli L. Lemus

BERNHEIM
GUTIERREZ
&
MCCREADY

255 NORTH
LINCOLN
STREET

DIXON
CA 95620

PHONE
(707) 678-4447

FAX
(707) 678-0744

1