FILED
September 29, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002120741

HANNO T. POWELL 131154
THE LAW FIRM OF POWELL & POOL
7522 N. Colonial Avenue, Suite 100
Fresno, California 93711
Telephone: (559) 228-8034
Facsimile: (559) 228-6818

Attorneys for: Creditors
Maria E. Vargas, Trustee of the INCA Trust Dated August 1, 2009; Gaspare Orlando and Benita J. Orlando; Albert J. Seadler and Helen M. Seadler, Trustees of the Seadler Family Trust Dated April 27, 1999; Trust Company of America fbo: Donna McLaughlin Account No. 27829; Trust Company of America fbo: Katie Mahan Account No. 30829; Joshua Baldwin and Kelly Baldwin

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

\* \* \*

In re

PAUL SANDNER MOLLER and
ROSA MARIA MOLLER,

Debtors.

Case No. 09-29936-C-11

Chapter 11

D. C. No.: HTP-1

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND WAIVER OF FRBP 4001(a)(3)**

**Preliminary Hearing:**

Date: October 13, 2009
Time: 9:30 a.m.
Place: Dept. C, Courtroom 35
6th Floor, 501 I St.
Sacramento CA
(Judge Klein)

/ / /

/ / /

-1-

THE LAW FIRM OF POWELL & POOL
7522 N. Colonial Avenue, Suite 100
Fresno, California 93711

**TO THE HONORABLE CHRISTOPHER M. KLEIN, UNITED STATES BANKRUPTCY JUDGE:**

Creditors Maria E. Vargas, Trustee of the INCA Trust Dated August 1, 2009; Gaspare Orlando and Benita J. Orlando; Albert J. Seadler and Helen M. Seadler, Trustees of the Seadler Family Trust Dated April 27, 1999; Trust Company of America fbo: Donna McLaughlin Account No. 27829; Trust Company of America fbo: Katie Mahan Account No. 30829; Joshua Baldwin and Kelly Baldwin ("Movants"), respectfully move the court for relief from the automatic stay of 11 U.S.C. §362(a) to permit Movants, their employees, agents and assigns, to complete non-judicial foreclosure proceedings on the Debtors' real property commonly known as 1222 Research Park Drive, Davis CA 95618 (the "Real "Property"), and to waive the ten-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3), on the grounds that cause exists for such relief under 11 U.S.C. §362(d)(1) in that Movants lack adequate protection for their interest in the Real Property, and have been subject to prejudicial, unreasonable delay. Movants base their request on the following:

1. Movants hold the beneficial interest in a Promissory Note dated April 13, 2005, in the original principal amount of $700,000, made payable to Sterling Pacific Financial, Inc., ("Sterling Pacific") or to order (the "Note"). A Deed of Trust encumbering the Real Property, recorded in the Office of the Yolo County Recorder on April 25, 2005, as Document No. 2005-0018813-00 (the "Deed of Trust") secures the Note. The Real property consists of commercial property in Davis.

2. A written agreement, recorded in Yolo County on February 8, 2007, as Document No. 2007-0029664-00 subordinated the priority of the Deed of Trust to a deed of trust securing an obligation owing to Exchange Bank (the "Senior Obligation")

3. The debtors filed their Chapter 11 petition on May 18, 2009. Prior to that date, and at all times since, the debtors were in default under the Note, including:

   a. Failure to make payments due on the Note on or after August 1, 2008;

   b. Failure to pay property taxes due on the Real Property for the 2007-2008 fiscal year, and that amount, in excess of $36,000, remains in default;

c. Failure to pay the Senior Obligation, causing the holder of said encumbrance to record a notice of default, and then a notice of trustee's sale affecting the Real Property. Movants are informed and believe and based thereon allege that said trustee's sale has been continued to October 7, 2009, at 12:00 p.m., subject to the automatic stay of 11 U.S.C. §362(a) in this case. The notice of trustee's sale, dated January 21, 2009, stated the amount needed to pay the Senior Obligation as $3,411,881.00.

4. The debtors' schedules list the value of the Real Property at $4,900,000.00. Movants are owed approximately $823,500.00, plus accruing interest, principal, costs and fees. Adding this to the amounts stated for senior liens and encumbrances above would give Movants an equity cushion of less than $630,000 (ignoring accruing interest on senior encumbrances and any costs of sale). Assuming an eight percent (8%) cost of sale leaves an equity cushion of about $230,000. Regardless of whether one considers costs of sale of the Real Property, any equity cushion supporting Movants' position has eroded, and continues to erode. For this reason, Movants lack adequate protection for its interest in the Real Property.

5. On or about September 14, 2009, the debtors filed a plan and disclosure statement in this case. That plan proposes to suspend payments to Movants and to the senior encumbrance until September 1 of 2010. If such a plan were confirmed[1], Movants' position would deteriorate much further, and the value of its interest in the Real Property would decline. In addition, that plan and disclosure statement suffer from defects that would prevent the court from approving the disclosure statement or confirming the plan as filed.[2] This will subject Movants to further delay, during which the value of their interest in the Real Property will continue to decline.

---

[1] Movants believe that debtors' plan is unconfirmable on its face. Among its other substantive and procedural flaws, it fails to classify holders of secured claims as separate classes, it lacks a Document Control Number and has no hearing date set for approval of its disclosure statement, it uses an ambiguous reference for the rate at which secured claims accrue interest, and it fails to satisfy the requirements for a plan proposing negative amortization. The presentation of such a plan presents a further unreasonable delay on Movants' payment.

[2] In addition to the defects mentioned in Note 1, above, there is a serious question of whether the debtors have complied with the provisions of Chapter 11, as required by 11 U.S.C. §1129(a)(2). The monthly operating reports for July and August show the debtors have made loans in excess of $45,000.00 in those two months to Moller International. There is no record of seeking or obtaining court approval for these expenditures which, at least on the surface, appear to involve the use of property of the estate outside the ordinary course of business.

-3-

WHEREFORE, Movants respectfully request that the court grant relief from stay and a waiver of Federal Rule of Bankruptcy Procedure 4001(a)(3) as set forth above.

Dated: September 29, 2009.  THE LAW FIRM OF POWELL & POOL.


By /s/ _____
HANNO T. POWELL
Attorneys for Movants

-4-

Motion For Relief From Automatic Stay
And Waiver Of FRBP 4001(a)(3)