LAW OFFICES OF LES ZIEVE
LES ZIEVE, ESQ., Ca. Bar #123319
MICHAEL LE, ESQ., Ca Bar #255056
18377 Beach Blvd., Suite 210
Huntington Beach, CA 92648
(714) 848-7920

Counsel for Movant

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Paul and Rosa Moller,<br>     Debtor.<br><br>US Bank National Association, N.D., its assignees and/or successors in interest,<br><br>     Movant,<br><br>vs.<br><br>Paul and Rosa Moller,<br>Office Of The United States Trustee, Trustee,<br><br>     Respondents. | Bk. No: 09-29936<br><br>Motion No. LAZ#1<br><br>CHAPTER 11<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**Local Rule 400-1 and Local Rule 9014-1 (f)(2)**<br><br>Date: November 17, 2009<br>Time: 9:30 a.m.<br>Place: Ctrm 35<br>    501 I Street, 6th Floor<br>    Sacramento, CA |

US Bank National Association, N.D., its assignees and/or successors in interest, moves the Court for relief from the automatic stay provided by 11 U.S.C. §362 as in moving party and the Trustee under the Deed of Trust securing Movant's claim so that Movant and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtor's property. **This loan is currently being serviced by US Bank National Association, N.D.**

This Motion is brought pursuant to 11 U.S.C. §362 (d)(1) because of the lack of adequate protection and 11 U.S.C. §362(d)(2) for the Debtors failure to make required the payments set forth in the Declaration of Loren Madson, filed concurrently herewith.

200000003.MTN/JUS      1

Debtor's schedules value the subject property at $1,500,000 and is encumbered by a perfected deed of trust or mortgage in favor of the movant. Movant's attached Broker's Price Opinion lists the fair market value of the property is worth $1,100,000.00 (Exh "4"). Moreover, see Broker Rick Tully's Declaration attesting to his valuation of the property (Exh "3"). Considering movant's lien, all senior liens against the property, there is an equity cushion of $116,074.00. There is some, but very little equity and there is no evidence that the property is necessary to a reorganization or that the trustee can administer the property for the benefit of creditors. Movant is merely protected by a 10.5% equity cushion in the property. The Ninth Circuit has established that an equity cushion of 20% constitutes adequate protection for a secured creditor. Pistole v. Mellor (In re Mellor), 734 F.2d 1396, 1401 (9th Cir. 1984); *see* Downey Sav. & Loan Ass'n v. Helionetics, Inc. (In re Helionetics, Inc.), 70 B.R. 433, 440 (Bankr. C.D. Cal. 1987) (holding that a 20.4% equity cushion was sufficient to protect the creditor's interest in its collateral). Also, 11 U.S.C. §362 (d)(1) provides an alternative ground for relief from the automatic stay based on "cause". Lack of payments for an extended amount of time has been held by the Courts to constitute "Cause" for granting relief from stay. In this case, the Debtors have failed to make four (4) post petition payments. Moreover, the Property is not necessary for an effective reorganization, and/or it would be unfair and inequitable to delay Movant in the foreclosure of its interest in the Property pursuant to 11 U.S.C. §362.

In addition, in the event the Court continues the automatic stay, Movant will seek that the continuance be conditioned upon the Debtors reinstating all arrearages and requiring the Debtors to make all future payments to Movant as they come due.

Furthermore, Movant will also seek attorneys fees and costs incurred in bringing this Motion. Movant requests such fees pursuant to the terms of the Note and Deed of Trust as set forth in 11 U.S.C. § 506(b). Movant also seeks all other relief that the Court deems just and appropriate. To date, Movant has not recorded a notice of default.

This Motion is based on these moving papers as well as the Declaration of Loren Madson and the exhibits attached thereto, which have been served and filed concurrently herewith.

///

///

///

200000003.MTN/JUS 2

In the event neither the Debtors nor their counsel appear at the hearing on this Motion, the Court may grant relief from the automatic stay thereby permitting Movant to foreclose on the Debtors' real property located as 9350 Currey Rd., Dixon, California and obtain possession of said property without further hearing. Lastly, Movant prays that the 10 day stay set forth in FRBP 4001 (a)(3) be waived.

DATED: October 30, 2009
**LAW OFFICES OF LES ZIEVE**

/s/ Les Zieve
_____
By: LES ZIEVE
Attorney for Movant