LAW OFFICES OF LES ZIEVE
LES ZIEVE, ESQ., CA Bar#123319
MICHAEL LE, ESQ., CA Bar # 255056
18377 Beach Blvd. Suite 210
Huntington Beach, CA 92648
(714) 848-7920
(714) 848-7650 Fax

Counsel for Movant

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Paul and Rosa Moller,<br><br>    Debtors.<br><br>US Bank National Association N.D., its assignees and/or successors in interest,<br><br>    Movant,<br>vs.<br><br>Paul and Rosa Maria Moller,<br>Office of the U.S. Trustee, Trustee<br><br>    Respondents. | Case No. 09-29936<br><br>Motion No. LAZ #1<br><br>Chapter 11<br><br>**<u>DECLARATION OF LOREN MADSON IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>**<br><br>Local Rule 4001-1 and Local Rule 9014-1(f)(2)<br><br>Date: November 17, 2009<br>Time: 9:30 a.m.<br>Place: Ctrm. 35<br>      501 I Street, Sixth Floor<br>      Sacramento, CA |

FILED November 02, 2009 CLERK, U.S. BANKRUPTCY COURT EASTERN DISTRICT OF CALIFORNIA 0002196272

I, Loren Madson, declare and state as follows:

1. As to the following facts, I know them to be true. Each is based upon my personal knowledge, unless otherwise indicated. If called upon to testify in this or any other action, I could and would testify competently thereto.

2. US Bank National Association, N.D., ("US Bank") its assignees and/or successors in interest, is the Movant herein. It is in the regular course and scope of business for US Bank to prepare and maintain books and records relating to the status of Movant's Note and Deed of Trust, including the payments made and the charges due and owing.

200000003Dec/PAP                      1

3. I am employed as a Real Estate Officer for US Bank. I am also a duly authorized custodian of records for US Bank. I am familiar with the subject third trust deed loan in favor of Movant and I have the authority to certify its records with respect to the subject loan.

4. The subject real property securing Movant's third trust deed loan is generally described as 9350 Currey Road, Dixon, California.

5. Movant is the current payee of a Promissory Note ("Note" herein) dated May 21, 2004, in the principal amount of $190,000.00. A true and correct copy of the Note is attached hereto as Exhibit "1".

6. The Note is secured by a Deed of Trust dated May 21, 2009, a true and correct copy of which is attached hereto as Exhibit "2". With respect to the Deed of Trust, Movant has not recorded a Notice of Default and Election to Sell.

7. With respect to Movant's Note and Deed of Trust, the following amounts are presently due and owing through September 2009:

| | |
|---|---:|
| UNPAID PRINCIPAL BALANCE | $165,279.78 |
| 4 MONTHLY PAYMENTS @ $1,503.48 | $6,013.92 |
| ACCRUED LATE CHARGES | $58.00 |
| ANNUAL FEES | $75.00 |
| APPRAISAL AND PROPERTY INSPECTION FEES AND COSTS | $136.25 |
| TITLE WORK | $85.00 |
| ATTORNEY FEES AND COSTS (THIS MOTION) | $650.00 |
| MOTION FILING FEE | $150.00 |
| **TOTAL ARREARAGES** | **$7,168.17** |
| **TOTAL (APPROXIMATE) AMOUNT DUE** | **$172,500.00** |

8. The monthly payments on the Note come due on the first day of each month. Therefore, at least an additional **$1,503.48** will be due by the date of the hearing on the instant Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _14th_ day of _September_, 2009 at Minneapolis, Minnesota.

_____
Loren Madson

| Borrower(s) | Lender | Loan |
|---|---|---|
| PAUL S MOLLER<br>ROSA MOLLER<br><br>9350 CURREY RD<br>DIXON CA 95620-9221 | U.S. Bank National Association ND<br>304 F STREET<br>DAVIS CA 95616 | Number 510738991<br>Date 05/21/2004<br>Maturity Date 6/05/2024<br>Loan Amount $ $190,000.00<br>Renewal Of _____ |
| "I" means each Borrower above, jointly and severally. | "You" means the Lender, its successors and assigns. | |

Note - For value received, I promise to pay to you, or your order, at your address above, the principal sum of: $190,000.00
_____ Dollars $ $190,000.00 ,
plus interest from ____5/21/2004____ at the rate of __7.240__ % per year until __maturity__ .
☐ **Additional Finance Charge** - I also agree to pay a nonrefundable fee of $_____ and it will be ☐ paid in cash.
  ☐ withheld from the proceeds. (If this fee is withheld from the proceeds, the amount is included in the principal sum.)
☐ **Variable Rate** - The (annual) interest rate above may change so as to be _____
_____
_____

**Timing and Frequency of Interest Rate Changes** - The rate can first change on _____
  and can change as often as _____ after that.
**Lifetime Rate Change Limitations** - The rate cannot ever exceed _____ . The rate cannot ever be less than _____ .
**Payment Changes** - A change in the interest rate will cause a change in: ☐ The amount of each scheduled payment. ☐ The amount due at maturity.
**Post Maturity Interest** - Interest will accrue after maturity on the unpaid balance of this note on the same basis as interest accrues before maturity.
**Payments** - I will pay this note as follows:
  (a) ☐ Interest payments will be due _____
       Principal payments will be due _____
  (b) ☒ This note has __240__ payments. The first payment will be in the amount of $ __1503.48__ and will be due __7/05/2004__ . A payment of $ __1503.48__ will be due on the __5th__ day of each __month__ thereafter. The final payment of the entire unpaid balance of principal and interest will be due __6/05/2024__ .
**The Purpose Of This Loan Is** __Home Improvement__
☒ **Late Charge** - I agree to pay a late charge if any scheduled payment (or part thereof) is made more than __5__ days after it is due equal to $29.00
☒ **Early Closure Fee** - If I prepay this loan in whole, I will pay you an early closure fee equal to __1% of the original loan amount with a minimum of $100 and a maximum of $350 if closed within the first three years__
☒ **Returned Payment Charge** - I agree to pay a fee of $ __$25.00__ for each check, negotiable order of withdrawal, draft or electronic payment I arrange in connection with this loan that is returned because it has been dishonored.

In the state of IOWA - **THIS IS A CONSUMER CREDIT TRANSACTION**

**Security** - (If neither of the next two options are checked, this loan is not specifically secured except: 1. through cross collateralization from other loans; and 2. a security interest in all deposit accounts with U.S. Bank, N.A.)
  ☒ **Separate Security** - This loan is secured by separate __Deed of Trust__ , dated __5/21/2004__ .
  ☐ **Security Agreement** - I give you a security interest in the Property described below. The rights I am giving you in this Property and the obligations this agreement secures are defined on page 4 of this agreement.
       9350 CURREY RD
       DIXON, CA 95620

This property will be used for __Consumer__ purposes.

(page 1 of 5)

Expere™ ©1981, 1988, 1994, 2001 Bankers Systems, Inc., St. Cloud, MN Form USBNOASV-NDX 9/30/2002

EXHIBIT 1

Loan number _____510738991_____

| ANNUAL PERCENTAGE RATE<br>The cost of my credit<br>as a yearly rate. | FINANCE CHARGE<br>The dollar amount the<br>credit will cost me. | AMOUNT FINANCED<br>The amount of credit<br>provided to me or on my behalf. | TOTAL OF PAYMENTS<br>The amount I will have paid when<br>I have made all scheduled payments. |
|---|---|---|---|
| 7.2390 % | $ $170,835.20 | $ $190,000.00 | $ $360,835.20 |

My Payment Schedule will be:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| 240 | 1,503.48 | monthly beginning 7/05/2004 |

☐ **Variable Rate**
  ☐ This note contains a variable rate feature. Disclosures about the variable rate feature have been provided to me earlier.
  ☐ The annual percentage rate may increase during the term of this transaction if _____
  _____
  A rate increase will take the form of _____.
  If the rate increases by _____ % in _____ the _____
  _____ will increase to _____. The interest rate may not increase more
  often than _____, and may not increase more than _____ % each _____.
  The interest rate will not go above _____ %.

Security - I am giving a security interest in       ☒ (description of other property)
  ☐ the Goods or Property being purchased.          9350 CURREY RD
  ☒ my deposit accounts and other rights to         DIXON, CA 95620
     the payment of money from U.S. Bank, NA.
  ☒ Collateral securing other loans with you may also secure this loan.

☒ **Late Charge** - I agree to pay a late charge if any scheduled payment (or part thereof) is made more than __5__ days after it is due equal to $29.00.

**Prepayment** - If I pay off this note early, I   ☒ may   ☐ will not   have to pay a penalty.

☒ **Assumption** - Someone buying the property securing this loan cannot assume this loan on its original terms.
☐ **Required Deposit** - The annual percentage rate does not take into account my required deposit.
Filing Fees $ _____ Non Filing Insurance $ _____
I can see my contract documents for any additional information about nonpayment, default, and any required repayment before the schedule date, and prepayment refunds and penalties.

**Credit Insurance** - Credit life, credit accident and sickness (disability) are not required to obtain credit and you will not provide them unless I sign and agree to pay the additional premium. If I want such insurance, you will obtain it for me (if I qualify for coverage). My (Our) signature(s) below means I (we) want the coverages signed for, and only those coverages.

**CREDIT LIFE:**
  ☐ Single.   Premium: $ _____ Term _____
    Date of Birth _____ Insured: _____ X _____ Date _____
  ☐ Joint.   Premium: $ _____ Term _____
    Date of Birth _____ 1st Insured: _____ X _____ Date _____

    Date of Birth _____ 2nd Insured: _____ X _____ Date _____

**CREDIT DISABILITY:**
  ☐ Single.   Premium: $ _____ Term _____
    Date of Birth _____ Insured: _____ X _____ Date _____

See the section titled "Monthly Outstanding Balance Insurance Premiums" below for any transaction secured by (a) real estate, or (b) any personal property that is a dwelling, such as a mobile home.
NONE: I/We do not desire credit insurance of any kind on this account. (All borrowers/debtors sign below)

X _____[signature]_____ Date 5/21/2004   X _____[signature]_____ May 21 2004 Date

☒ **Property Insurance** - Property insurance is required. I may obtain property insurance from anyone I want that is acceptable to you.
☐ **Single Interest Insurance** - Single interest insurance (sometimes referred to as VSI) is required. I may obtain single interest insurance from anyone I want that is acceptable to you. If I get the insurance from or through you, I will pay $ _____ for _____ of coverage.

(page 2 of 5)

Express™ ©1981, 1988, 1994, 2001 Bankers Systems, Inc., St. Cloud, MN Form USBNDASV-NDX 9/30/2002

**DEFINITIONS** - "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). "You" or "your" means the Lender and its successors and assigns.
**APPLICABLE LAW** - You are a National bank located in North Dakota. The interest rate, fees and related charges that you can charge for this loan are pursuant to the law of the state of North Dakota, regardless of where this loan is made or where I live. As for other issues, the law of my state of residence and the law of the state where any property is located will apply.
The fact that any part of this note cannot be enforced will not affect the rest of this note. Any change to this note or any agreement securing this note must be in writing and signed by you and me.
**THIS FORM** - This form is designed to be used for many types of transactions. A paragraph or section that begins with a "☐" that is not checked does not apply to this loan.
**PAYMENTS** - Each payment I make on this loan will be applied (to the extent of the payment) as follows to: (1) monthly outstanding balance insurance premiums (for loans secured by real estate or a personal property residence, if I elect to buy such insurance); (2) accrued interest; (3) principal (as explained below); (4) charges other than interest or principal, if any; and (5) principal. The portion applied to principal in step (3) above will be the difference between the *scheduled* payment amount and the sum of any monthly outstanding balance insurance premium and the accrued interest.
**PREPAYMENT** - I may prepay this loan in whole or in part at any time. If I prepay in part, I must still make each later payment in the original amount as it becomes due until this note is paid in full.
**BALLOON PAYMENTS** - In the states of Idaho, Colorado, and Wyoming, under certain circumstances as defined by law in those states I may be obligated to refinance a balloon payment. If a balloon payment arises, if you are obligated under state law to refinance that payment, and if federal law does not preempt state law, then you will refinance a balloon.
**INTEREST** - Interest accrues on the principal remaining unpaid from time to time, until paid in full. If "Variable Rate" is checked on page 1, I will pay interest at the rates in effect from time to time. If a payment is not sufficient to pay the accrued interest, as of a scheduled payment date, the accrued and unpaid interest will be added to principal, and itself earn interest.
Decreases in the interest rate for this note will have the opposite effect on payments that increases would have. The interest rate(s) and other charges on this loan will never exceed the highest rate or charge allowed by law for this loan. Changes in the index between scheduled changes in the interest rate will not affect the interest rate. If the index specified on page 1 ceases to exist, I agree that you may substitute a similar index for the original.
**CURE RIGHTS** - In some circumstances (and some states in which this note is used) your rights and remedies are subject to a duty to give me a right to cure a default and to get notice of that right before you can exercise some of your remedies. The states include (and may not be limited to) Colorado, Iowa, Kansas, Missouri, Nebraska, South Carolina, and West Virginia. There also may be similar rights of reinstatement, cure and redemption in some states when real property or a residence is the collateral. You will provide such rights, and notice of such rights before exercising your remedies, as provided by law.
**DEFAULT** - I will be in default on this loan and any agreement securing this loan if:
1. I fail to make a payment in full when due; or
2. Your prospect of payment, performance, or ability to realize upon the property is significantly impaired.
If any of us are in default on this note or any security agreement, you may exercise your remedies against any or all of us.
**REMEDIES** - Subject to the CURE RIGHTS section above, if I am in default on this loan or any agreement securing this loan, you may exercise your rights provided by law and this agreement. I also understand and agree to the following:
1. You may accelerate the due date of the unpaid principal balance of the loan, plus accrued interest and charges, making it due in its entirety before the scheduled due date.
2. You may realize on any property securing this transaction.
3. You may demand more security or new parties obligated to pay this loan (or both) in return for not using any other remedy;
4. You may make a claim for any and all insurance benefits or refunds that may be available.
If I default and you choose not to exercise a remedy, you do not lose the right to treat the event as a default if it happens again.
**COSTS OF COLLECTION** - I agree to pay the costs you incur to collect this debt and realize on any collateral in the event of my default.
In the event of my bankruptcy, and without regard to my state of residence, these costs will include your reasonable attorney's fees for an attorney who is not your salaried employee in the bankruptcy proceedings.
The following additional fees and issues will depend on whether we have to collect this loan in a listed state:
In Arizona, California, Illinois, Kentucky, Maryland, Michigan, Minnesota, Mississippi, Montana, Nevada, New Mexico, Oregon, Pennsylvania, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia and Washington these costs will include your reasonable attorney's fees (for an attorney who is not your salaried employee).
In Arkansas these costs will include your reasonable attorney's fees (for an attorney who is not your salaried employee) not to exceed 10% of the amount of principal and accrued interest.
In Colorado, Maine, North Carolina, and South Carolina these costs will include your reasonable attorney's fees (for an attorney who is not your salaried employee) not to exceed 15% of the unpaid debt for collection after default.
In Delaware these costs will include reasonable attorneys' fees after default and referral to an attorney not your regularly salaried employee, court costs, alternative dispute resolution costs, and other collection costs, including fees and charges of collection agencies.
In Florida these costs include your reasonable attorneys' fees of ten percent (10%) of the principal sum due on this note or such larger amount as may be reasonable and just.
In Georgia, these costs include attorney's fees of 15 percent of the principal and interest then owed. I waive and renounce any exemption I may be entitled to under Georgia law as to any property that secures this debt. I assign any such exemption to you.
In Idaho these costs will include your reasonable attorney's fees (for an attorney who is not your salaried employee). This provision for attorney's fees does not apply if this loan is a consumer loan with a principal amount of $1,000.00 or less.
In Indiana, these costs will include your reasonable attorney's fees (for an attorney who is not your salaried employee); and in any collection efforts, I waive any relief I might be entitled to from evaluation and appraisement.
In Iowa, Nebraska, North Dakota, Ohio and West Virginia these costs will not include attorney's fees.
In Kansas these costs will include your reasonable attorney's fees or collection agency fees, up to 15% of the unpaid amount due and payable under this note. You are entitled to the collection of attorneys' fees or collection agency fees, but not both. This provision is applicable only if collection is handled by someone other than a salaried employee of yours.
In Louisiana, these costs include your reasonable attorneys' fees not to exceed 25% of the unpaid debt after default and referral to an attorney for collection.
In Massachusetts this includes your reasonable attorneys' fees, except when prohibited by law (such as on loans of less than $1,000).
In Missouri and Alabama, these costs will include your reasonable attorney's fees (for an attorney who is not your salaried employee) if it is necessary to bring suit of 15% of the amount due and payable under this note).
In New Hampshire, this includes your reasonable attorneys' fees. If I successfully assert a partial defense or set-off, recoupment or counterclaim to an action you bring, the court may reduce the amount of attorneys' fees that you may recover from me. If I prevail in an action or defense against you, I may recover the amount of my reasonable attorneys' fees.
In Oklahoma these costs will include your reasonable attorney's fees (for an attorney who is not your salaried employee) not to exceed 15% of the unpaid debt after default; this provision for attorney's fees does not apply to certain supervised loans as provided in Okla. Statutes 14A § 3-514.
**SECURITY INTEREST IN DEPOSIT ACCOUNTS AT U.S. BANK, N.A.** -
Governing law: For purposes of this security interest, we agree that the law of the state of North Dakota will control as to the creation, perfection, and effect of perfection of the interest granted in this paragraph. (Technically speaking, we are agreeing that North Dakota is your jurisdiction, as provided in N.D. Stat. § 41-9-24.)
Grant: I grant to you a security interest in any and all deposit accounts (demand, time, savings, passbook, and specifically including but not limited to any certificated time accounts) I currently have or hereafter create with U.S. Bank, N.A. (your affiliate).
Exception: This grant does not apply to accounts that constitute a part of any qualified retirement plan (such as an Individual Retirement Account), any retail repurchase agreement, or any account where my only right is clearly and solely in a representative capacity.
Secures: This security interest secures the payment of this debt and any other debt I may owe you, now or hereafter.
Usage: You have the right to direct the U.S. Bank, N.A. to restrict or prohibit further withdrawals from my accounts, and to comply with your instructions directing disposition of funds in my accounts, including, to apply such funds toward payment of the secured debts. While you have the right to do this at any time, and without notice, it is your present intention to exercise these rights only in the event of my default on this or any other secured obligation, and to provide notice to me.
U.S. Bank, N.A. agrees to comply with your instructions for disposition of funds in my accounts without first obtaining my consent (other than the consent contained and expressed in this agreement).
I understand that U.S. Bank, N.A. is your affiliate.
Setoff: I also acknowledge that U.S. Bank, N.A. has a right of setoff in the event I owe money to U.S. Bank, N.A. This right of setoff, in the event of a conflict with the security interest granted here, will be subordinate to this security interest.
**MONTHLY OUTSTANDING BALANCE INSURANCE PREMIUMS** - This section applies to any transaction secured by (a) real estate, or (b) any personal property that is a dwelling, such as a mobile home.
The insurance premiums for credit life and credit disability insurance are calculated on the monthly outstanding balance method. This means that each month you multiply the loan principal balance by the monthly premium rate (which is a rate per $100 of debt per month).
Each of the premiums quoted above for credit life and credit disability are the total of all the monthly premiums for the respective insurance, based on the *assumed* monthly principal balances. These assumed monthly principal balances assume that the interest rate will remain the same throughout the term of the transaction (which is not likely if this is a variable rate transaction), and that I will make all my payments in full and on time.
If the interest rate increases, and my periodic payment does not increase each month (as is normally how you schedule payments for variable rate transactions) then the amount I will pay for insurance I have bought from you will be more. Likewise, if the interest rate declines, or if I prepay, the amount

for insurance will decline, as will the amount and length of coverage. In either case, this effect on premium is because the actual monthly principal balances will not be as assumed.

If I buy insurance from you for credit life or credit disability, the premiums are included in my periodic payments, and in the TOTAL OF PAYMENTS section. If I cancel the insurance before the scheduled maturity date, my periodic payment amounts will remain as originally scheduled. This means that more of my payment will be available for the principal than otherwise would be true, and the number of payments, or the amount of my final payment, will be less than it otherwise would be. (See the paragraph titled PAYMENTS above.)

**OBLIGATIONS INDEPENDENT** - This paragraph applies if there are multiple parties (for example, a maker and a guarantor or co-maker) who are obligated to pay this loan. We understand that the obligation of each of us to pay this loan is independent of the obligation of the others to pay this loan. You may, without notice, release or give up any right you may have, extend new credit, renew or change this obligation, as to any of us, without affecting the obligation of any others (until this loan is paid in full).

You may fail to perfect your security interest in, impair, or release any security and I (we) will still be obligated to pay this loan.

**WAIVER** - I waive (to the extent permitted by law) demand, presentment, protest, notice of dishonor and notice of protest.

**FINANCIAL STATEMENTS** - I will give you any financial statements or information that you feel is necessary. All financial statements and information I give you will be correct and complete.

**PURCHASE MONEY LOAN** - If this is a Purchase Money Loan, you may include the name of the seller on the check or draft for this loan.

**NAME AND LOCATION** - My name and address indicated on page 1 are my exact legal name and my principal residence. I will provide you with at least 30 days' notice prior to changing my name or principal residence.

**SKIP PAYMENTS** - From time to time, you may offer me the chance to skip a payment on this loan. If I choose to accept this offer, I agree to pay a fee up to $50.00, and the term of this loan will be extended one month.

## ADDITIONAL TERMS OF THE SECURITY AGREEMENT

**SECURED OBLIGATIONS** - This security agreement secures this loan (including all extensions, renewals, refinancings and modifications) and any other debt I have with you now or later. Property described in this security agreement will not secure other such debts if the Property is my principal dwelling. Also, this security agreement will not secure other debts if this security interest is in household goods and the other debt is a consumer loan. This security agreement will last until it is discharged in writing.

For the sole purpose of determining the extent of a purchase money security interest arising under this security agreement:
(a) Payments on any nonpurchase money loan also secured by this agreement will not be deemed to apply to the Purchase Money Loan; and
(b) Payments on the Purchase Money Loan will be deemed to apply first to the nonpurchase money portion of the loan, if any, and then to the purchase money obligations in the order in which the items were acquired.

No security interest will be terminated by application of this formula. "Purchase Money Loan" means any loan of which the proceeds, in whole or in part, are used to acquire any property securing the loan and all extensions, renewals, consolidations and refinancings of such loan.

**PROPERTY** - The word "Property," as used here, includes all property that is listed in the security agreement on page 1. If a general description is used, the word "Property" includes all my property fitting the general description. Property also means all benefits that arise from the described Property (including all proceeds, insurance benefits, payments from others, interest, dividends, stock splits and voting rights). It also means property that now or later is attached to, is a part of, or results from the Property, and all supporting obligations. "Proceeds" includes anything acquired on the sale, lease, license, exchange, or other disposition of the Property; any rights and claims arising out of the Property; and any collections and distributions on account of the Property.

**OWNERSHIP AND DUTIES TOWARD PROPERTY** - Unless a co-owner(s) of the Property signed a third party agreement, I represent that I own all the Property. I will defend the Property against any other claim. I agree to do whatever you require to perfect your interest and keep your priority. I will not do anything to harm your position. I will not use the Property for a purpose that will violate any laws or subject the Property to forfeiture or seizure.

I will keep the Property in my possession (except if pledged and delivered to you). I will keep it in good repair and use it only for its intended purposes. I will keep it at my address unless we agree otherwise in writing.

I will not try to sell or transfer the Property, or permit the Property to become attached to any real estate, without your written consent. I will pay all taxes and charges on the Property as they become due. I will inform you of any loss or damage to the Property. You have the right of reasonable access in order to inspect the Property.

If the Property is a motor vehicle, I represent that it is not a vehicle seized pursuant to any federal, state or local forfeiture law.

**INSURANCE** - I agree to buy the insurance coverages required on page 2 covering the Property against the risks and for the amounts you require. I will name you as loss payee on any such policy. If there is an insured loss, you may require added security on this loan. If you agree that insurance proceeds may be used to repair or replace the Property, I agree that if the insurance proceeds do not cover the amounts I still owe you, I will pay the difference. I will buy the insurance from a firm authorized to do business in the appropriate state. The firm will be reasonably acceptable to you. I will keep the insurance until all debts secured by this agreement are paid.

**COLLATERAL PROTECTION INSURANCE** - Unless I provide you with evidence of the insurance coverage required by my agreement with you, you may purchase insurance at my expense to protect your interests in my collateral. This insurance may, but need not, protect my interests. The coverage that you purchase may not pay any claim that I make or any claim that is made against me in connection with the collateral. I may later cancel any insurance purchased by you, but only after providing you with evidence that I have obtained insurance as required by our agreement. If you purchase insurance for the collateral, I will be responsible for the costs of that insurance, including interest and any other charges you may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to my total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own. I agree that the cost of such insurance will be due immediately.

**FILING** - I authorize you to file a financing statement covering the Property. I agree to comply with and facilitate your requests in connection with obtaining possession of or control over the Property until this security agreement is terminated. A copy of this security agreement may be used as a financing statement when allowed by law.

**DEFAULT AND REMEDIES** - If I am in default, in addition to the remedies listed in the note portion of this document and subject to any of the limitations in the CURE paragraph, you may (after giving notice and waiting a period of time, if required by law):
(a) Pay taxes or other charges, or purchase any required insurance, if I fail to do these things (but you are not required to do so). You may add the amount you pay to this loan and accrue interest on that amount at the interest rate(s) in effect from time to time, on this note until paid in full;
(b) Require me to gather the Property and any related records and make it available to you in a reasonable fashion;
(c) Take immediate possession of the Property, but in doing so you may not breach the peace or unlawfully enter onto my premises. You may sell, lease or dispose of the Property as provided by law. (If the Property includes a manufactured home, you will begin the repossession by giving me notice and an opportunity to cure my default, as required by law.) You may apply what you receive from the sale of the Property to your expenses and then to the debt. If what you receive from the sale of the Property is less than what I owe you, you may take me to court to recover the difference (to the extent permitted by law); and
(d) Keep the Property to satisfy the debt.

I agree that when you must give notice to me of your intended sale or disposition of the Property, the notice is reasonable if it is sent to me at my last known address by first class mail 10 days before the intended sale or disposition. I agree to inform you in writing of any change in my address.

**ASSUMPTIONS** - This security agreement and any loan it secures cannot be assumed by someone buying the Property from me. This will be true unless you agree in writing to the contrary. Without such an agreement, if I try to transfer any interest in the Property, I will be in default on all obligations that are secured by this security agreement.

---

Deficiency Notice: This notice applies if the collateral involves a motor vehicle that is consumer goods.
NOTICE: THE MOTOR VEHICLE IN THIS TRANSACTION MAY BE SUBJECT TO REPOSSESSION. IF IT IS REPOSSESSED AND SOLD TO SOMEONE ELSE, AND ALL AMOUNTS DUE TO THE SECURED PARTY ARE NOT RECEIVED IN THAT SALE, I MAY HAVE TO PAY THE DIFFERENCE.

---

This notice applies to Missouri customers specifically and is generally true for all customers:
ORAL AGREEMENTS: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

---

ARIZONA: Motor Vehicle as Collateral: The following information applies if this security agreement, or another that secures this note includes a motor vehicle as that term may be defined by Arizona law:
It is unlawful to fail to return a motor vehicle subject to a security interest within thirty days after receiving notice of default. Any notice of default you send me will be mailed to my address given on page 1. It is my responsibility to tell you my new address if it changes. (Unlawful failure to return a motor vehicle subject to a security interest is a class 6 felony, which for a first offense carries a maximum jail sentence of 1.5 years. The maximum jail sentence may be greater if the defendant has a prior criminal record. The court may impose a fine of no more than $150,000.)

---

CALIFORNIA: Disability Insurance: As provided by California Civil Code Section 1812.400 et seq, if you have directly participated in, arranged, or received a commission or other compensation for the sale of credit disability insurance to me, you will not invoke any of your remedies against me because of my nonpayment of any sum due during a disability claim period. A disability claim period begins on the due date of the first payment I don't pay for which I claim disability coverage arising from a then current disability and continues for three calendar months or until the insurer pays or rejects my claim, whichever occurs first.

Exper̃ ©1981, 1988, 1994, 2001 Bankers Systems, Inc., St. Cloud, MN Form USBND-ASV-NDX 9/30/2002

## THIRD PARTY AGREEMENT

For the purposes of the provisions within this enclosure "I," "me" or "my" means the person signing below and "you" means the Lender identified on page 1.

I agree to give you a security interest in the Property that is described on page 1. I agree to the terms of this note and security agreement but I am in no way personally liable for payment of the debt. This means that if the Borrower defaults, my interest in the Property may be used to satisfy the Borrower's debt. I agree that you may, without releasing me or the Property from this Third Party Agreement and without notice or demand upon me, extend new credit to any Borrower, renew or change this note or security agreement one or more times and for any term, or fail to perfect your security interest in, impair, or release any security (including guaranties) for the obligations of any Borrower.

I HAVE RECEIVED A COMPLETED COPY OF THIS NOTE AND SECURITY AGREEMENT.

NAME

X

## NOTICE TO COSIGNER

You (the cosigner) are being asked to guaranty this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You also may have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

Garnishment is not a remedy available in Pennsylvania and Texas.

## AUTOMATIC WITHDRAWAL:

[X] DO   [ ] DO NOT   want Automatic Withdrawal.

By signing below I authorize you to automatically withdraw my regular payment from my transaction account listed below on each payment date.

Account number for automatic payment:

153401128035

X _____   X _____

ACH CANCELLATION FEE: I agree that if I arrange for automatic payments on this loan, either on this form or otherwise, and if my automatic payments are stopped for any reason not your fault, I agree to pay you an ACH cancellation fee of $ 50.00 .
I understand that automatic payments stop, and must be re-contracted for, if, for example, I close my account (without arranging for automatic payment from another account), there is insufficient funds in the account, or I stop payment on an automatic payment.

**This note is a "transferable record" as defined in applicable law relating to electronic transactions. Therefore, the holder of this note may, on behalf of the maker of this note, create a microfilm or optical disk or other electronic image of this note that is an authoritative copy as defined in such law. The holder of this note may store the authoritative copy of such note in its electronic form and then destroy the paper original as part of the holder's normal business practices. The holder, on its own behalf, may control and transfer such authoritative copy as permitted by such law.**

Loan number: 510738991

SIGNATURES - I agree to the terms set out on pages 1 thru 5 of this agreement. I have received a copy of this document on today's date.

Cosigners - see notice above before signing.

In the notices in this box "you" means the borrower(s):

Notice to Consumer: 1. Do not sign this Agreement before you read it. 2. You are entitled to a copy of this Paper. 3. You may prepay the unpaid balance at any time. If you prepay this loan you [X] MAY   [ ] WILL NOT   have to pay a penalty.

CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

Signature _____

Signature _____

Signature _____

AUTHENTICATION BY U.S. BANK, N.A.:
U.S. Bank, N.A. affiliate of and agent for the lender on this loan, acknowledges and agrees to the control agreement contained in the Security Interest in deposit accounts, and the subordination of its right of setoff to this security interest if and to the extent of a conflict.
This is intended as an authentication. U.S. BANK, N.A.

Recorded in Official Records, Solano County   7/22/2004
Skip Thomson                                  3:01 PM
Assessor/Recorder                             AR59
                                              07

P First American Equity

Doc#: 200400101682     Titles: 1    Pages: 7
                       Fees     25.00
                       Taxes     0.00
                       Other     0.00
                       PAID    $25.00

This document was prepared by
First American Equity Loan Serices, Inc.
1228 Euclid Avenue, 4th Floor
Cleveland, OH 44115

Please return this document after recording to:
First American Equity Loan Serices, Inc.
1228 Euclid Avenue, 4th Floor
Cleveland, OH 44115

———— State of California ————                    ———— Space Above This Line For Recording Data ————

FACT Order #: 5680160
ALS #: 5/073899/

DEED OF TRUST
(With Future Advance Clause)

1. DATE AND PARTIES. The date of this Deed of Trust (Security Instrument) is May 21, 2004
and the parties, their addresses and tax identification numbers, if required, are as follows:
GRANTOR: PAUL S MOLLER AND ROSA MOLLER HUSBAND AND WIFE

☐ If checked, refer to the attached Addendum incorporated herein, for additional Grantors, their signatures and acknowledgments.

TRUSTEE: U.S. Bank Trust Company, National Association
111 S.W. Fifth Avenue, Suite 3500
Portland, OR 97204

LENDER: U.S. Bank, National Association N.D.
4325 17th Avenue S.W.
Fargo, ND 58103

2. CONVEYANCE. For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and Grantor's performance under this Security Instrument, Grantor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of Lender, with power of sale, the following described property:

The real estate deed of trust herein is described in Exhibit "A" which is attached hereto and hereby incorporated herein by reference.

The property is located in SOLANO ............................ at 9350 CURREY RD ........................................
                         (County)
................................................ DIXON ............................, California 95620 ..............
      (Address)                                   (City)                                         (ZIP Code)

Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as "Property").

3. MAXIMUM OBLIGATION LIMIT. The total principal amount secured by this Security Instrument at any one time shall not exceed $ 190,000.00 ............................. This limitation of amount does not include interest and other fees and charges validly made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

4. SECURED DEBT AND FUTURE ADVANCES. The term "Secured Debt" is defined as follows:
   A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(ies) or other evidence of debt described below and all their extensions, renewals, modifications or substitutions. (Include items such as borrowers' names, note or contract amounts, interest rates (whether variable), maturity dates, etc.)

                                                                                              5680160
CALIFORNIA - DEED OF TRUST (NOT FOR FNMA, FHLMC, FHA OR VA USE)                              (page 1 of 6)
Experes - 1994 Bankers Systems, Inc., St. Cloud, MN Form USB-REDT-CA 7/16/2003

EXHIBIT 2

29. **OTHER TERMS.** If checked, the following are applicable to this Security Instrument:
   - [ ] Line of Credit. The Secured Debt includes a revolving line of credit provision. Although the Secured Debt may be reduced to a zero balance, this Security Instrument will remain in effect until released.
   - [ ] Construction Loan. This Security Instrument secures an obligation incurred for the construction of an improvement on the Property.
   - [ ] Fixture Filing. Grantor grants to Lender a security interest in all goods that Grantor owns now or in the future and that are or will become fixtures related to the Property. This Security Instrument suffices as a financing statement and any carbon, photographic or other reproduction may be filed of record for purposes of Article 9 of the Uniform Commercial Code.
   - [ ] Riders. The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument. [Check all applicable boxes]
      - [ ] Condominium Rider  [ ] Planned Unit Development Rider  [ ] Other ..............................
   - [ ] Additional Terms.

SIGNATURES: By signing below, Grantor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Grantor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

(Signature) PAUL S MOLLER        May 21, 2004     (Signature) ROSA MOLLER        May 21, 2004
                                 (Date)                                          (Date)

ACKNOWLEDGMENT:
(Individual) STATE OF ...Calif..........., COUNTY OF ...Yolo........... } ss.
On this ...21st... day of ...May..., 2004, before me ...M. Saunders...
a notary public, personally appeared
PAUL S MOLLER AND ROSA MOLLER..................................................................................
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

M. SAUNDERS
COMM. #1267039
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
My Commission Expires June 11, 2004

Signature ..............................
Name (typed or printed) ..............

My commission expires: ...6-11-04...

---

**REQUEST FOR FULL RECONVEYANCE**

To Trustee:

The undersigned is the holder of the note or notes secured by this Deed of Trust, which was recorded in the office of the Recorder of ....................... County, State of California, in book ................., page ............... of official records. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: ................................................................

Assessor's Identification Number ........................................

.5980160

Exp̃eres © 1994 Bankers Systems, Inc., St. Cloud, MN Form USB-REDT-CA 7/16/2003

EXHIBIT A

A PARCEL OF LAND LOCATED IN THE COUNTY OF SOLANO, STATE OF CALIFORNIA, AND KNOWN AS:

BEING LOT NUMBER 1, AND LOT NUMBER 10, IN M.S. CURREY SUBDIVISION NUMBER 2, AS SHOWN IN THE RECORDED PLAT/MAP THEREOF IN BOOK 2, PAGE 46 OF SOLANO COUNTY RECORDS.

Permanent Parcel Number: 0107-050-060


9350 CURREY ROAD, DIXON CA 95620
Loan Reference Number : 20041331924510/510738991
First American Order No: 5680160
Identifier: ELS

END OF DOCUMENT

# DECLARATION OF RICK TULLY

I, RICK TULLY, declare and state as follows:

1. As to the following facts, I know them to be true. Each is based upon my personal knowledge. If called upon to testify in this or any other action, I could and would testify competently thereto.

2. I am a licensed California real estate broker and am qualified to render an opinion of the current fair market of residential real estate.

3. On July 9, 2009, I prepared a Market Analysis Report with respect to the real property which is the subject of the instant Motion. Said real property is generally described as 9350 Currey Road, Dixon, California, and is hereinafter referred to as the "subject property".

4. A true and correct copy of the Market Analysis Report is attached hereto as Exhibit "4".

5. In my opinion, the fair market value of the subject property as of the date of this Declaration is $1,100,000.00.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23 day of October, 2009 at City Dixon, State CA.

RICK TULLY

200000003.APPRAISER.DEC

EXHIBIT 3



# LAMCO
LENDERS ASSET MANAGEMENT CORPORATION

6901 S. Pierce Street, Suite 150, Littleton, CO 80128

## Market Analysis Report

**Form #:** 20792

**Date Submitted:**
6/30/2009

**Date completed:**
7/9/2009

**Occupants Name:**

**Borrowers Name**
Moller, Paul

**Agent's Name**
Rick Tully

### Sales Information
Suggested "AS IS" list price: $1,100,000
Probable sale price: $1,000,000

### Subject Property:
Inspection Type: Exterior Market Analysis w/photos
Inspection Date: 7/1/2009
Subject Property Address:
9350 Currey Rd
Dixon, CA 95620

Style: Ranch, 2 story    Square Feet: 5114    Bed: 3    Bath: 4
Basement: Unknown    Garage: Unknown    Lot: 36.81 acres    Age: 31
Is subject property currently On the market: No
If yes, who with?:    Phone:
Days On Market: 0    List Price: $0    Condition: Good
Occupancy: Occupied

### Comments/Conditions of Subject Property. Please comment if Inferior or Superior:
This is a rural property with acerage. Acerage appears to be some sort of income producing property...almonds, walnuts, olives, I am not sure what type of trees they are. Property will more than likely have a well and septic system. Due to "No Trespassing" signs, I was unable to view the home in person. Pictures will be provided. This will be a very hard property to find comps for due to the income producing land. Not many comparables area available. Comps will be a number of miles away from subject.

### Recommended Inspections:
Termite: No                                        Well: Yes
Mechanical: No                               Septic: Yes

EXHIBIT 4

Roof: No  Structural: No
Repairs: No
Recommended Repairs: No repairs needed.

**Comparable Sales**

Address: 5183 Bryant Rd Vacaville CA 95687    Style: Ranch 1 story
Sq. Ft.: 2000    Bed: 4    Bath: 3    Basement: Unknown    Garage: 2 car
Lot: 18.3 acres    Age: 34    Days on Market: 10
Orig. List Price: $354,900    Sale Date: 5/14/2009    Sales Price: $450,900
Distance From Property: 17.7 miles
**Comments:**
This was an REO property. Inferior points: less acreage, property needs some work, not income producing. Superior points: Little closer to town and shopping. No seller concessions given, offered 3% to selling agent.

Address: 7631 Pedrick Rd Dixon CA 95620    Style: Ranch 1 story
Sq. Ft.: 2224    Bed: 4    Bath: 2    Basement: None    Garage: 3 car
Lot: 10 acres    Age: 9    Days on Market: 82
Orig. List Price: $795,000    Sale Date: 10/29/2008    Sales Price: $80,000
Distance From Property: 13.4 miles
**Comments:**
This was a short sale property. Inferior points: less acreage, not income producing. Superior points: Little closer to town and shopping, only 9 years old No seller concessions given, offered 3% to selling agent.

Address: 8564 Pitt School Rd Dixon CA 95620    Style: Spanish Mediterr 2 story
Sq. Ft.: 6000    Bed: 4    Bath: 2    Basement: Unknown    Garage: 4 car
Lot: 76.21 acres    Age: 2    Days on Market: 120
Orig. List Price: $2,975,000    Sale Date: 5/15/2009    Sales Price: $1,650,000
Distance From Property: 8 miles
**Comments:**
This was a short sale property. Inferior points: None. Superior points: More acreage, home only 2 years old Similar in home sqft, and income producing land. All Cash deal, seller concessions given, amount not stated on the MLS, offered 3% to selling agent.

**Competitive Listings**

Address: 8049 Jahn Rd Dixon CA 95620
Sq. Ft.: 3300　　Style: Ranch 2 story　　Bed: 4　　Bath: 2.5　　Basement: Unknown　　Garage: 2 car
Lot: 44.17 acres　　Age: 2　　Days on Market: 58
Original List Price: $1,200,000　　Current List Price: $988,000
Distance From Property: 14.7 miles
**Comments:**

Not a short sale or REO property. Inferior points: Second unit is a modular. Superior points: Has a second unit on property, only 2 years old Similar points: Acreage very close, this is an income producing property, not with almonds, walnuts, or olives, but with horses. This is set up to train horses. Same approx distance to town and shopping. Offering 2.5% to selling agent.

Address: 8163 Robben Rd Dixon CA 95620
Sq. Ft.: 2908　　Style: Craftsmen 1 story　　Bed: 3　　Bath: 2.5　　Basement: Unknown　　Garage: 4 car
Lot: 57.74 acres　　Age: 3　　Days on Market: 43
Original List Price: $1,559,000　　Current List Price: $1,450,000
Distance From Property: 10.3 miles
**Comments:**

Not a short sale or REO property. Inferior points: None Superior points: Only 3 years old, set up on Solano Irrigation District water Similar points: Acreage very close, this is an income producing property, not with almonds, walnuts, or olives, but with alfalfa. Set for horse property. Same approx distance to town and shopping. Offering 2.5% to selling agent.

Address: 5353 Silveyville Rd Dixon CA 95620
Sq. Ft.: 2900　　Style: Ranch 2 story　　Bed: 4　　Bath: 3　　Basement: None　　Garage: 4 car
Lot: 40.2 acres　　Age: 30　　Days on Market: 286
Original List Price: $1,480,000　　Current List Price: $1,480,000
Distance From Property: 14.7 miles
**Comments:**

Not a short sale or REO property. Inferior points: None Superior points: Has a possible rental unit in detached garage. Set up on Solano Irrigation District water. Similar points: Acreage and age very close, this is an income producing property, with almonds, walnuts, or olives. Same approx distance to town and shopping. Offering 2.5% to selling agent.

## Marketability of Subject:

**Functional/Economical Obsolescence:**
Subject is located at the very end of a country road. It is more than likely on a well and septic system.

**Indicated type(s) of financing subject will NOT qualify:**
FHA, VA, USDA, or straight CONV because of loan limits. Offer will need to be conventional jumbo or cash.

**Anticipated Resale problems:**
None known

### Neighborhood Data:

| Housing Supply: | Property Values: | Number Listings: | Pride of Ownership: |
| --- | --- | --- | --- |
| Decreasing | Stable | Decreasing | Excellent |

**New Construction Nearby:** No

**Type:**

**Price Range:** From $0    To: $0

**Number houses in direct competition with subject:** 4

**Number of listings in immediate area:** 16

**Price Range:** From $279,000    To: $1,480,000

**Average marketing time of comparable listings:** 197

**Average marketing time of comparable sales:** 0

**Financing information:**
Loan Type: Conventional
Interest Rate: 6.350% Points: 2

### Negative factors that would detract from subject:
Property is quite away from town, no easy route to get to property.

### Suggested Marketing Strategy:
Property would need to be marketed as income producing.

**Market Value**   (Marketing time being defined as from date of listing to date of contract):
The following suggested list price and sale price are based on normal marketing time for this area and in "AS IS" condition.

Suggested "AS IS" list price: $1,100,000
Probable sale price: $1,000,000

This broker's price opinion is not an appraisal as defined by state law and has been prepared by a real estate licensee. The broker's price opinion is rendered at the request of Lenders Asset Management Corporation for the purpose of obtaining a listing upon successful completion of the foreclosure by its client. The broker's price opinion is not being used to obtain a loan.


Entrance


No Trespassing signs


Road view, orchard on left


Mail Boxes

