FILED

January 14, 2010

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002348813

EXHIBIT "B"

Recorded in Official Records, Solano County

**Marc C. Tonnesen**
Assessor/Recorder

5/16/2007
8:52 AM
AR64
07

AND WHEN RECORDED MAIL TO
Bay Area Financial Corporation
CFL 603-1881
12400 Wilshire Blvd., Ste. 230
Los Angeles, CA 90025

P TCS

Doc#: 200700056120

| Titles: 3 | Pages: 5 |
|---|---|
| Fees | 37.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $37.00 |

Recording requested by:
Financial Title Company
# 45073620-583

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS AND REQUEST FOR SPECIAL NOTICE
*This Document Provided by Commonwealth Land Title Company*

**This Deed of Trust,** made this 4th day of May , 2007 ,between **Paul S. Moller and Rosa Maria Moller, husband and wife as community property with right of survivorship,** here in called **Trustor,** whose address is 9350 Currey Rd., Dixon, CA 95620 , and Bay Area Financial Corporation, a California Corporation, herein called **Beneficiary,** whose address is 12400 Wilshire Blvd., Ste. 230, Los Angeles, CA 90025 and JOB INSURANCE AGENCY, A California corporation, herein called **Trustee,**

**Witnesseth: THAT TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Solano County, California, described as:

See Exhibit "A" attached hereto and by this reference, incorporated herein.
Additionally this deed of trust is subject to the terms and conditions as set forth in "Rider No. 1" which is attached hereto and made a part hereof.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (11) of the provisions set forth below to collect and apply such rents, issues and profits. **For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidence by one promissory note of even date herewith, and any extension of renewal thereof, in the principal sum of **$350,000.00** executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees:
    (1) That Trustor will observe and perform said provisions; and that the referenced to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations and parties set forth in this Deed of Trust.
    (2) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.
    (3) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured herein and in such order as beneficiary may determined or at option of Beneficiary the entire amount so collected or any part hereof may

EXHIBIT B PAGE 8

be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereinunder or invalidate any act done pursuant to such notice.

(4) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to record this Deed.

(5) To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or a part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein. Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or preceding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(7) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(8) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement therein; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(10) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property held hereunder. The recitals in such RECONVEYANCE of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may described as "The person or persons legally entitled thereto". Five years after issuance of such full RECONVEYANCE, Trustee may destroy said Note and this Deed (unless directed in such request to retain them).

(11) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving until Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebdtness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonably attorney's fees, upon indebtedness secured hereby, and in such order as Beneficiary may determined. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(12) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall post it with Trustee this Deed said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required y law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determined, a public auction to the highest bidder for cash in lawful money of the United States, payable a the time of sale. Trustee may postpone sale of all or a portion of said property by public announcement of such time and place of sale, and from time to time thereafter may postpone sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

(13) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in wiring, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the County or Counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of

EXHIBIT B PAGE 9

the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(14) That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges of the note secured hereby whether or not named as Beneficiary herein. In this Deed, whenever the contest so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(15) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

In accordance with Section 2924b, Civil Code, request is hereby made by the undersigned TRUSTOR that a copy of any Notice of Default and a copy of any Notice of Sale under Deed of trust recorded on June 4, 2003, Instrument No. 2003-00091072, in Book N/A, Page N/A, of Official Records in the Office of the County Recorder of Solano as affecting above described property, executed by Paul S. Moller and Rosa Maria Moller, as Trustor in which is named Morgan Stanley Dean Witter Credit Union, as Beneficiary, and First American Title, as Trustee, be mailed to Bay Area Financial Corporation, a California Corporation, 12400 Wilshire Blvd.. Ste. 230, Los Angeles, CA 90025.

NOTICE: A copy of any Notice of Default and of any Notice of Sale will be sent to the address contained in this record request. if you address changes, a new request must be recorded.

Dated: May 4, 2007

_____
**PAUL S. MOLLER**

_____
**ROSA MARIA MOLLER**

---

STATE OF CALIFORNIA
COUNTY OF_____Yolo_____}SS.

On _May 4, 2007_____ before me, ____Jennifer Moller also known as_____ (insert name) Notary Public, personally appeared _____ Rosa Maria Moller and Paul S. Moller_____,
personally known to me(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/ are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

JENNIFER NICOLE MOLLER
COMM. # 1651742
NOTARY PUBLIC · CALIFORNIA
YOLO COUNTY
MY COMM. EXP. MAR. 14, 2010

EXHIBIT "A"

LEGAL DESCRIPTION


THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:


ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF SOLANO,
STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

LOT 1, AS SHOWN ON THE SUBDIVISION MAP ENTITLED, "M.S. CURREY
SUBDIVISION NO. 2", FILED FOR RECORD OCTOBER 18, 1902, IN BOOK 2 OF MAPS,
PAGE 46.


More commonly known as:   **9350 Currey Rd., Dixon, CA 95620.**

# R I D E R   N O .   1

### Rider to Deed of Trust,
### Assignment of Rents,
### dated May 4 , 2007
### between
### PAUL S. MOLLER and ROSA MARIA MOLLER, Trustor ("Trustor")
### and Job Insurance Agency, Trustee ("Trustee")
### and Bay Area Financial Corporation as Beneficiary
### ("Beneficiary")

Notwithstanding any terms or conditions to the contrary contained in the Deed of Trust, Trustor agrees;

1.  To pay any and all costs and expenses, including attorney's fees, incurred by Beneficiary to enforce its rights hereunder, whether or not suit is brought thereon;

2.  To pay interest on each sum expended by Beneficiary or Trustee in enforcing the obligations secured hereby from the date of expenditure until the date of repayment at the rate of interest in effect from time to time during such period under the promissory note secured hereby;

3.  If the Trustor shall sell, convey or alienate the property herein described, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, the Beneficiary shall have the right, at its option, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable;

4.  If any provision contained herein is held to be invalid, void, or unenforceable, the remaining provisions shall nevertheless continue in full force and effect.

**BORROWER(S):**                          **WITNESS**

_____                 _____
PAUL S. MOLLER

_____
ROSA MARIA MOLLER

Loan Number: **23654.07**

// END OF DOCUMENT //

EXHIBIT [B] PAGE [12]