FILED
March 04, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002461678

Stephen M. Reynolds, State Bar No. 148902
Rachel T. Anderson, State Bar No. 266505
Lundgren & Reynolds, LLP
424 Second Street, Ste. A
Davis, CA 95616
530 297 5030 voice
530 297 5077 facsimile
sreynolds@lr-law.net email

Attorneys for
Freedom Motors, Inc.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 09-29936-C-11 |
| Paul Sandner Moller,<br>Rosa Maria Moller,<br>Debtor(s) | DCN: HTP-1<br>Date: March 17, 2010<br>Time: 10:00 a.m.<br>Dept: C<br>Courtroom: 35, 6th Floor |

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

Freedom Motors, Inc., stakeholder in the above-captioned case and a California corporation in which debtor-in-possession Paul Sandner Moller is principal shareholder and chief operating officer, hereby opposes the Motion for Relief from Automatic Stay filed by creditors Maria E. Vargas et al. ("Movants") to permit Movants to foreclose on debtors' real property located at 1222 Research Park Drive, Davis, CA 95618 (the "Real Property").

1. Debtors' ability to remain in possession of the Real Property is necessary to an effective reorganization. The Real Property currently houses Freedom Motors, Inc.'s unique engine technology, Rotapower®. The specialized tools are installed at the business parcel. Debtors are currently finalizing an agreement to license their technology, which will supply debtors with the funds necessary to fully repay their secured creditors. (See Exhibit A, filed herewith.) As part of the licensing sale, debtors must allow the purchasers to view

1

demonstrations of the engines. (See Exhibits B and C, filed herewith.) If Movants were allowed to foreclose on the Real Property, and debtors were forced to relocate the equipment, debtors would not only incur significant costs, but in addition, the licensing agreement would be severely delayed and compromised.

2. In addition, Movants are adequately protected by an equity cushion in the Real Property, and debtors' reorganization plan is likely to be confirmed as long as they are able to remain in possession of the Real Property, given that the licensing agreement is near completion.

3. On February 26, 2010, creditors Maria E. Vargas et al. (hereafter "Vargas") filed a supplement to their Motion for Relief from Automatic Stay (Docket No. 184), in which they made allegations with respect to debtors' January 2010 monthly operating report. Freedom Motors, Inc. wishes to address the allegations as follows:

  a. Contrary to Vargas' assertion (Docket No. 184, p. 2), debtors have not "continued to sell stock." The payment of $2,588 shown in the January 2010 monthly operating report was in fact from the June 2009 144 Filing, not from any new stock sales.

  b. As to the IRS' erroneous withdrawal of payroll taxes from Paul Moller's personal account, Mr. Moller will provide documentation of reimbursement by Moller International and of the IRS' incorrect account information. (See Moller Declaration and Exhibits D and E, filed herewith.)

  c. The $6,000 in rental income that Vargas refers to as "almost certainly cash collateral of one or more secured lenders" is, in fact, rent received from Moller International. (See Moller Declaration.)

  d. The payment of $10,200 to Lucia Napoli Cosmeli was payment to the caretaker for debtor Rosa Moller's aunt. Ms. Moller's aunt is 94 years old, in precarious health, and entirely dependent on the debtors' support. Debtors' attorney William Bernheim assured debtors that they were allowed to make this payment to Ms. Cosmeli. (See Moller Declaration.) Similar payments to Ms. Cosmeli were reported in the monthly operating reports for June 2009 (Docket No. 55, Exhibit B) and July 2009 (Docket No. 68, Exhibit B).

Based on the foregoing, Freedom Motors, Inc. respectfully requests that the Motion for Relief from Automatic Stay be denied.

Dated: March 4, 2010

Lundgren & Reynolds, LLP

By _____
Stephen M. Reynolds,
Attorneys for Freedom Motors, Inc.