2009-29936
FILED
November 23, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003094728

ANTHONY ASEBEDO (State Bar No. 155105)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA 95670
Telephone: (916) 925-1800
Facsimile: (916) 925-1265

Attorneys for Jon Tesar,
Chapter 11 trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

| | |
|---|---|
| In re:<br><br>PAUL SANDNER MOLLER &<br>ROSA MARIA MOLLER,<br><br>Debtors. | Case No. 09-29936-C-11<br>Docket Control No. LAZ-1<br><br>Continued Hearing:<br>Date: November 22, 2010<br>Time: 2:00 p.m.<br>Dept: C (Courtroom 35)<br>Hon. Christopher M. Klein |

### ORDER ON MOTION FOR
### RELIEF FROM THE AUTOMATIC STAY

A continued hearing was held on November 22, 2010 at 2:00 p.m. in Department "C" of the United States Bankruptcy Court, Eastern District of California, Sacramento Division, the Honorable Christopher M. Klein presiding, on the Motion for Relief From the Automatic Stay (the "Motion"), filed on behalf of U.S. Bank National Association, N.D. ("US Bank"). Appearances were noted on the record.

Based upon the Motion, the supporting declaration, the record in this bankruptcy case, and upon the representations of counsel; US Bank, the Debtors, and the chapter 11 trustee having reached a stipulation to resolve the Motion, and good cause appearing;

///

///

RECEIVED
November 23, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003094728

aa:\LAZ-1 Ord

**IT IS HEREBY ORDERED** as follows:

1. The Stipulation For Adequate Protection and For Resolution of Motion for Relief From the Automatic Stay ("Stipulation") between Paul and Rosa Moller, Jon Tesar, as trustee, and US Bank, a copy of which is attached hereto as Exhibit "A," is approved.

2. In the event of an uncured default in payment as described in paragraph 5 of the Stipulation, US Bank shall be entitled to obtain a hearing on relief from the automatic stay on as little as ten (10) days' notice to parties entitled to notice of same under applicable rules.

3. Notwithstanding the rights of creditors under the Stipulation, this order shall not prejudice any creditor's rights to otherwise seek relief from the automatic stay regarding the property subject of the Stipulation and shall not prejudice any interested party's rights to oppose such relief.

4. Except to the extent stated above, the Motion is denied without prejudice.

APPROVED:

LAW OFFICES OF LES ZIEVE

By: Les Zieve
Attorneys for US Bank

BERNHEIM, GUTIERREZ & McREADY

By: William S. Bernheim
Attorneys for the Debtors

Dated: November 23, 2010

United States Bankruptcy Judge

```
ANTHONY ASEBEDO (State Bar No. 155105)
MEEGAN, HANSCHU & KASSENBROCK
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA  95670
Telephone:  (916) 925-1800
Facsimile:  (916) 925-1265

Attorneys for Jon Tesar,
Chapter 11 trustee
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

| | |
|---|---|
| In re:<br><br>PAUL SANDNER MOLLER &<br>ROSA MARIA MOLLER,<br><br>                     Debtors. | Case No. 09-29936-C-11<br>Docket Control No. LAZ-1<br><br>Continued Hearing:<br>Date: November 22, 2010<br>Time: 2:00 p.m.<br>Dept: C (Courtroom 35)<br>Hon. Christopher M. Klein |

**STIPULATION FOR ADEQUATE PROTECTION AND RESOLUTION**
**OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Through counsel, U.S. Bank National Association, N.D. ("US Bank"), Paul Moller and Rosa Moller (the "Debtors"), and Jon Tesar (the "Trustee"), as trustee of the above-captioned bankruptcy estate of the Debtors, agree as follows:

**I. RECITALS**

A.    On May 18, 2009 (the "Petition Date"), the Debtors filed a joint voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B.    By way of an order entered on March 29, 2010, the Trustee's appointment as chapter 11 trustee in the Debtors' case was approved. The Trustee continues to serve in that capacity.

///
///
///

PAGE __3__ (EXH. __A__)

1

C. Among the assets of the Debtors' bankruptcy estate is the real property commonly known as 9350 Curry Road, Dixon, California (the "Property"). As stated in the Debtors' bankruptcy schedules, there are four deeds of trust against the Property, in favor of the following parties and in the following order of priority:

    (1) Morgan Stanley;

    (2) US Bank;

    (3) Bay Area Financial Corp. ("BAFC");

    (4) Victoria Schlechter.

D. As of the Petition Date and continuing to date, the Debtors had not repaid the monetary obligations owed to the parties identified in the previous paragraph.

E. As of the Petition Date and continuing to date, the Debtors have used the Property as their residence. The Trustee is investigating whether the Property has value that can be recovered by the bankruptcy estate.

F. On November 2, 2009, US Bank filed its Motion for Relief From the Automatic Stay, bearing Docket Control No. LAZ-1 (the "Motion"). By way of the Motion, US Bank seeks relief from the automatic stay to proceed against the Property under the terms of its deed of trust and applicable nonbankruptcy law.

G. The parties have reached terms under which BAFC shall receive periodic payments to protect its interest, and which shall govern the parties' rights should a default in such payments occur.

## II. AGREEMENT

1. Starting on June 15, 2010 and continuing no later than the fifteenth day of each calendar month following, the Debtors shall pay to the Trustee the sum of no less than $2,256.54. The Debtors represent that such payments shall be derived from their retirement income.

2. Starting on the day after entry of the order approving this Stipulation, and continuing no later than ten (10) days following the beginning of each calendar month thereafter, the Trustee shall make monthly adequate protection payments to Morgan

PAGE 4 (EXH. A )

Stanley in the amount of $2,256.54 and US Bank in the amount of $1,504.48. The Trustee shall mail payments to Morgan Stanley at the following address, in connection with loan no. ******0828: Morgan Stanley Credit Corp., 4708 Mercantile Drive, Fort Worth, TX 76137. The Trustee shall mail payments to US Bank at the following address, in connection with loan no. ******07388991: U.S. Bank, N.A., P.O. Box 5229, Cincinnati, OH 45201. Funds for these payments shall be derived from the funds described in paragraph 1 above and the balance from unencumbered funds of the bankruptcy estate in the Trustee's possession and control. Should the Debtors fail timely to make the full amount of any monthly payment described in paragraph 1 above, the Trustee shall not be obligated to make the payments to Morgan Stanley or US Bank described in this paragraph.

3. Starting on the day after entry of the order approving this Stipulation, and continuing no later than ten (10) days following the beginning of each calendar month thereafter, the Debtors shall make monthly adequate protection payments directly to BAFC in the amount of $2,292.60, so as to be received by BAFC on or before the tenth (10th) day of each month. The Debtors represent that such payments to BAFC shall be derived from funds to be advanced by a family member. The Debtors agree and represent that such funds shall not constitute a post-petition loan to the Debtors' bankruptcy estate and that the estate shall not be liable for repayment of any such funds.

4. The Trustee shall provide to BAFC, through counsel identified below, written evidence of each payment made to Morgan Stanley and US Bank, no later than ten (10) days following the beginning of each month of such payment.

5. In the event of non-payment of any adequate protection payment described herein to BAFC or US Bank by the tenth (10th) day of any month, US Bank shall transmit a Notice of Default to the Debtors by fax at _____ and to the Trustee by e-mail at jontesar@msn.com, and by fax to their respective counsel identified below. In the event that any late payments are not cured within ten (10) days

PAGE 5 (EXH. A)

3

aa:\LAZ-1 Stipulation RFS rev

1 | of service of the Notice of Default, the Bankruptcy Court shall be authorized to grant full
2 | and immediate relief from the automatic stay in favor of US Bank, after hearing on
3 | notice to parties entitled to same by applicable rules, on as little as ten (10) days'
4 | notice. The order approving this Stipulation shall provide for such shortened notice.
5 |     6.    This Stipulation shall be subject to the approval of the Bankruptcy Court.

Dated: _____           LAW OFFICES OF LES ZIEVE


By: Les Zieve
18377 Beach Blvd., Ste. 210
Huntington Beach, CA 92648
Phone: (714) 848-7920
Attorneys for US Bank


Dated: Nov 22, 2010            BERNHEIM, GUTIERREZ & McREADY

*/s/ William S. Bernheim*
By: William S. Bernheim
255 North Lincoln St.
Dixon, CA 95620
Phone: (707) 678-4447
Fax: (707) 678-0744
Attorneys for the Debtors


Dated: 11.22.10                MEEGAN, HANSCHU & KASSENBROCK

*/s/*
By: Anthony Asebedo
11341 Gold Express Dr., Ste. 110
Gold River, CA 95670
Phone: (916) 925-1800
Fax: (916) 925-1265
Attorneys for the Trustee

PAGE  6  (EXH.  A  )

4                                              aa:\LAZ-1 Stipulation RFS rev

of service of the Notice of Default, the Bankruptcy Court shall be authorized to grant full and immediate relief from the automatic stay in favor of US Bank, after hearing on notice to parties entitled to same by applicable rules, on as little as ten (10) days' notice. The order approving this Stipulation shall provide for such shortened notice.

6. This Stipulation shall be subject to the approval of the Bankruptcy Court.

Dated: 11/22/10

LAW OFFICES OF LES ZIEVE

By: Les Zieve
18377 Beach Blvd., Ste. 210
Huntington Beach, CA 92648
Phone: (714) 848-7920
Attorneys for US Bank

Dated: _____

BERNHEIM, GUTIERREZ & McREADY

By: William S. Bernheim
255 North Lincoln St.
Dixon, CA 95620
Phone: (707) 678-4447
Fax: (707) 678-0744
Attorneys for the Debtors

Dated: _____

MEEGAN, HANSCHU & KASSENBROCK

By: Anthony Asebedo
11341 Gold Express Dr., Ste. 110
Gold River, CA 95670
Phone: (916) 925-1800
Fax: (916) 925-1265
Attorneys for the Trustee

4

aa:\LAZ-1 Stipulation RFS rev

PAGE 7 (EXH. A )