ANTHONY ASEBEDO (State Bar No. 155105)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA 95670
Telephone: (916) 925-1800
Facsimile: (916) 925-1265

Attorneys for Jon Tesar,
Chapter 11 trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

| | |
|---|---|
| In re: | Case No. 09-29936-C-11 |
| | Docket Control No. MHK-4 |
| PAUL SANDNER MOLLER &, | |
| ROSA MARIA MOLLER, | Date: December 14, 2010 |
| | Time: 9:30 a.m. |
| Debtors. | Dept: C (Courtroom 35) |
| | Hon. Christopher M. Klein |

TRUSTEE'S MOTION FOR ABANDONMENT OF REAL PROPERTY AND
CERTAIN RELATED PERSONAL PROPERTY, EFFECTIVE DECEMBER 9, 2010
[9350 CURRY ROAD, DIXON, CALIF.]

Jon Tesar (the "Trustee"), as trustee of the above-captioned bankruptcy estate of Paul Sandner Moller and Rosa Maria Moller (the "Debtors") hereby requests an order for abandonment of certain real property of the above-captioned bankruptcy estate and particular farming equipment associated with that real property, effective December 9, 2010. In support of this motion, the Trustee respectfully represents as follows:

I. BACKGROUND

On May 18, 2009 (the "Petition Date"), the Debtors filed a joint voluntary petition for relief under chapter 11 of title 11 of the United States Code. Debtor Paul Moller is an engineer involved in research and development of fuel-efficient engines and what are known as roadable aircraft.

///

Jurisdiction for this motion exists under 28 U.S.C. § 1334, and venue in this court is proper under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Trustee brings this motion under 11 U.S.C. § 554(a) and pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 6007.[1] Under 11 U.S.C. § 554(a), the trustee is authorized to abandon property that is of inconsequential value and benefit to the estate.

The property of the Debtors' bankruptcy estate includes a fee simple interest in the real property commonly known as 9350 Curry Road, Dixon, California (the "Real Property"), which is developed with the Debtors' residence and which also includes an almond orchard that yields organically-grown crops that have been historically marketed locally. See Declaration of Jon Tesar ("Tesar Declaration"), submitted herewith.

On the A-Schedule filed in their chapter 11 case, the Debtors value the Real Property at $1,500,000.00. See Request for Judicial Notice ("RJN"), submitted herewith, at Exh. 1 (A-schedule filed May 18, 2009). At least one creditor that requested relief from the automatic stay valued the Real Property at $1,150,000. See id. Exh. 2 (Relief From Stay Information Sheet for Docket Control No. SCC-1, filed Jan. 14, 2010). There are four deeds of trust against the Real Property securing obligations that totaled about $1,000,000 as of the Petition Date. See RJN Exh. 2 (Relief From Stay Information Sheet showing liens totaling $1,023,739) & Exh. 3 (Debtors' D-schedule disclosing liens totaling $977,749. In an amended C-schedule filed June 17, 2009, the Debtors claimed as exempt $3,925.00 as to the Real Property.

On the B-schedule filed in their chapter 11 case, the Debtors identify certain "Farm Equipment" which they value at approximately $20,000.00. See RJN Exh. 4 (B-schedule filed May 16, 2009). The Trustee has determined that the farm equipment owned by the Debtors consists of three tractors and related equipment that is described

---

1. The "notice of opportunity for hearing" procedure of Rule 6007(a) being unavailable for this matter pursuant to Local Bankruptcy Rule 9014-1(k), the Trustee's request is subject to a noticed hearing under Local Bankruptcy Rule 9014-1(f)(1).

in more detail in Exhibit 1 to the Tesar Declaration, along with some small tools and small pieces of miscellaneous equipment (hereinafter, collectively referred to as the "Equipment"). In an amended C-schedule filed June 17, 2009, the Debtors claimed as exempt the sum of $2,075.00 in regard to "Farm Equipment."

The Trustee is monitoring the disposition of the 2010 almond crop that has been harvested from the Real Property, and along with an inventory of almond butter that was processed from almonds grown on the Real Property. Since his appointment, the Trustee has at various times sold almonds grown on the Real Property and almond butter from almonds grown on the Real Property, as the market allows, and has investigated the value of the Real Property and its tax basis. See Tesar Declaration.

By agreement, the Trustee and the Debtors have since approximately July 2010 been making ongoing monthly adequate protection payments to three of the creditors holding deeds of trust against the Real Property. To the best of the Trustee's knowledge, property tax payments in regard to the Real Property were current up through the end of tax year 2008-09, with the first installment for tax year 2010-11 due no later than December 10, 2010. See Tesar Declaration.

## II. RELIEF REQUESTED BY THE TRUSTEE

The Trustee has determined that the estate's equity in the Real Property, if any, will not benefit the estate because transaction costs and a low tax basis would create administrative expenses that would likely consume any such equity. In addition, after supervising the harvest of the almond crops for the 2010 crop year, the Trustee has determined that it is unlikely that future harvest and sale of almonds from the Real Property will generate any significant profit. See Tesar Declaration. These factors make the Real Property of inconsequential value and benefit to the estate.

The Trustee has also determined that the Equipment has no significant realizable equity for benefit of the estate. Specifically, the Equipment likely has a value so low that the Trustee would be unable to recover any significant amount of equity for the

///

aa:\MHK-4 abandon residence mot

benefit of the estate after administrative costs and costs of sale are taken into account. See id.

Based on the circumstances above, the Trustee seeks to abandon the Real Property and the Equipment, but not the harvested crops from the Real Property or any almond butter from the Real Property, the disposition of which he is monitoring. The Trustee requests that abandonment of the Real Property and Equipment be made effective December 9, 2010, the day before the next installment of real property taxes comes due.

### III. CONCLUSION

For the reasons set forth above, the Trustee requests that the court enter an order providing that the Real Property and the Equipment be abandoned, that abandonment be made effective as of December 9, 2010, and providing for such other relief as the court deems proper.

Respectfully submitted,

Dated: 11.30.2010     MEEGAN, HANSCHU & KASSENBROCK

By: _____
Anthony Asebedo
Attorneys for the Trustee