FILED
November 30, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003107878

ANTHONY ASEBEDO (State Bar No. 155105)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA 95670
Telephone: (916) 925-1800
Facsimile: (916) 925-1265

Attorneys for Jon Tesar,
Chapter 11 trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

In re:

PAUL SANDNER MOLLER &,
ROSA MARIA MOLLER,

Debtors.

Case No. 09-29936-C-11
Docket Control No. MHK-4

Date: December 14, 2010
Time: 9:30 a.m.
Dept: C (Courtroom 35)
Hon. Christopher M. Klein

DECLARATION OF JON TESAR IN SUPPORT OF TRUSTEE'S
MOTION FOR ABANDONMENT OF REAL PROPERTY AND RELATED
PERSONAL PROPERTY, EFFECTIVE DECEMBER 9, 2010
[9350 CURRY ROAD, DIXON, CALIF.]

I, Jon Tesar, hereby declare:

1.  I am over eighteen years of age. Except as specifically set forth below, the following is true of my own knowledge and, if called as a witness, I could and would competently testify hereto.

2.  I serve as the chapter 11 trustee of the bankruptcy estate of Paul Sandner Moller and Rosa Maria Moller (the "Debtors").

3.  The Debtors' bankruptcy estate includes their fee simple interest in the real property commonly known as 9350 Curry Road, Dixon, California (the "Real Property"). The Real Property is developed with the Debtors' residence and includes an almond orchard that yields organically-grown crops. I am informed that the Debtors have historically marketed those almond crops locally.

aa:\MHK-4 abandon residence dec

4. The Debtors own certain farm equipment owned that consists of three tractors and related equipment that is described in more detail in Exhibit 1, which is submitted herewith and is incorporated herein by reference. Exhibit 1 was compiled on behalf of the Debtors, at my request. The items identified on Exhibit 1, along with some small tools and small pieces of miscellaneous equipment shall be referred to hereinafter as "Equipment," and are subject of the accompanying motion. Despite the generous valuation given by the Debtors to the Equipment in their bankruptcy schedules ($20,000), I believe that the Equipment likely has a value so low that I would be unable to recover any significant equity for the benefit of the bankruptcy estate after administrative costs and costs of sale are taken into account.

5. Since my appointment as trustee, I have supervised the harvest, marketing, and sale of almond crops grown on the Real Property. As of this time, at the conclusion of the 2010 crop year, I have determined that the sale of almond crops and almond products from the Real Property will not generate a significant profit, and also that it is unlikely that future harvest and sale will generate any significant profit, given the state of the local market.

6. At this time, I am monitoring the disposition of the 2010 almond crop that has been harvested from the Real Property, and an inventory of almond butter that was processed from almonds grown on the Real Property. I am taking steps to market and sell this crop and inventory. Although the market for this property not particularly strong, it should be possible to sell it in a reasonable amount of time in the ordinary course and thereby to realize its value without a great deal of administrative cost or overhead.

7. Since my appointment as trustee, I have investigated the value of the Real Property by way of communications with a local real property broker and an informal investigation of the local market. I have communicated with the Debtors regarding the likely tax basis of the Real Property, which from all indications is low. Given the level of debt secured by the Real Property, I have determined that the estate's equity in the Real

aa:\MHK-4 abandon residence dec

Property, if any, will not benefit the estate because transaction costs and a low tax basis would create administrative expenses that would likely consume any such equity.

8. I am informed and on that basis believe that the first installment payment for real property taxes for the Real Property for tax year 2009-10 is due to be paid no later than December 10, 2010. To the best of my knowledge, real property taxes for the Real Property are now current. To minimize the estate's administrative expenses, I request that abandonment of the Real Property, if forthcoming, be made effective December 9, 2010.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this declaration was executed at Sacramento, California on the date set forth below.

Date: 11/30/2010

Jon Tesar